**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | § § § § § § § § | MASTER FILE NO. 1:21-CV-138-RP |

# SILVER LAKE DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT

I.     PRELIMINARY STATEMENT

The Complaint alleges a single claim against the Silver Lake Defendants:[1] that they are liable as "control" persons of SolarWinds within the meaning of Section 20(a) of the Exchange Act because their affiliated investment funds owned a 40% share of SolarWinds' stock during the Class Period, and that ownership entitled the funds to designate three members of SolarWinds' ten-member Board of Directors. According to Plaintiff, the Silver Lake Defendants' mere status as a minority investor (and related director designation rights) results in control person liability, notwithstanding that the Complaint nowhere alleges that any employee of the Silver Lake Defendants had any operational or managerial responsibility at SolarWinds or any role in the public disclosures and related conduct challenged in the Complaint. Plaintiff's claim must be dismissed because it is well-settled within this Circuit that "[s]tatus alone as to persons not involved in day to day management is legally insufficient to support a Section 20(a) claim." *Zishka v. Am. Pad & Paper Co.*, No. CIV.A.3:98-CV-0660-M, 2001 WL 1748741, at *1 (N.D. Tex. Sept. 28, 2001).

Defendant SLTM is an investment management firm with its principal offices in Menlo Park, California that manages several funds on behalf of the funds' investors. Neither SLTM nor

---

[1] Defendants Silver Lake Group L.L.C. ("SLG") and Silver Lake Technology Management, L.L.C. ("SLTM," and collectively with SLG, the "Silver Lake Defendants") support the motion to dismiss Lead Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws filed by SolarWinds Corporation ("SolarWinds" or the "Company") and the Individual Defendants (the "SolarWinds Motion"), and respectfully submit this motion to dismiss Lead Plaintiff's claim under Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against the Silver Lake Defendants. Although Count I of the Complaint alleges Section 10(b) violations "against all Defendants" (¶ 247), this appears to be an error because the header below Section XI of the Complaint states that the Section 10(b) claim is brought "Against SolarWinds and the Executive Defendants" (Compl. at 93) and Count II (the 20(a) claim) alleges that "SolarWinds and the Executive Defendants each violated Section 10(b)" (¶ 260).

SLG is a direct investor in SolarWinds.[2]  Rather, three funds managed by SLTM collectively owned approximately 40% of SolarWinds' outstanding stock during the Class Period.  (¶ 19.)[3] Based solely on this indirect stock ownership—and certain unremarkable attributes of that ownership—the Complaint asserts a single "control person" liability claim against the Silver Lake Defendants under Section 20(a) of the Exchange Act.

Plaintiff's claim fails for two independent reasons.  ***First***, as demonstrated in the SolarWinds Motion, the Complaint fails to state a primary violation of Section 10(b) and, therefore, the Section 20(a) claim against the Silver Lake Defendants must be dismissed.

***Second***, as detailed below, the Complaint fails to allege any facts showing that the Silver Lake Defendants controlled, or had any role in, the day-to-day operations or management of SolarWinds, much less that they exercised control over any of the SolarWinds' public disclosures that are challenged in the Complaint.[4]  Specifically, in a Complaint spanning 100 pages and 270 paragraphs, Plaintiff makes only four allegations about the Silver Lake Defendants:

- The funds managed by the Silver Lake Defendants owned approximately 40% of SolarWinds' stock during the Class Period and, as a result, had the ability to designate three directors on SolarWinds' 10-member board of directors (¶¶ 19, 28, 267-68);

- SolarWinds identified itself during the Class Period in certain SEC filings as a "controlled company" for purposes of the New York Stock Exchange ("NYSE") rules (¶¶ 18, 265);

- The Silver Lake Defendants, along with a co-investor, Thoma Bravo, LP ("Thoma Bravo"),

---

[2] *See* Schedule 13G, SolarWinds Corporation (Dec. 31, 2020) (filed on Feb. 12, 2021) at Item 2(a), https://www.sec.gov/Archives/edgar/data/0001739942/000119312520035643/d885069dsc13ga.htm.

[3] Citations in this form are to Plaintiff's Consolidated Complaint ("Complaint") (ECF 26).

[4] To avoid unnecessary repetition, the Silver Lake Defendants incorporate by reference the recitation of facts in the SolarWinds Motion.

allegedly implemented a "strategy" pursuant to which they "took the Company private" in 2016 and thereafter according to Plaintiff "prioritized short-term revenue growth and aggressively cut costs outside of the public shareholders' view" prior to the Company's 2018 initial public offering (¶¶ 27, 149); and

- The Silver Lake Defendants sold a portion of the funds' investment in SolarWinds to an institutional investor in December 2020 (¶¶ 61, 194-96).

As set forth below, each of these allegations is either insufficient or irrelevant for purposes of demonstrating control by the Silver Lake Defendants under Section 20(a). Accordingly, Count II of the Complaint as asserted against the Silver Lake Defendants should be dismissed.

## II. THE SECTION 20(A) CLAIM AGAINST THE SILVER LAKE DEFENDANTS SHOULD BE DISMISSED.

To adequately plead a control person liability claim under Section 20(a), Plaintiff must satisfy two elements. *First*, the Complaint must allege a primary violation of the Securities Exchange Act. *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 383 (5th Cir. 2004) ("Control person liability is secondary only and cannot exist in the absence of a primary violation.") (citation omitted).

*Second*, Plaintiff must allege non-conclusory facts showing a "sufficient exercise of power and control" by the alleged controller "as to the challenged acts." *Zishka*, 2001 WL 1748741, at *1. Importantly, courts in this Circuit have emphasized that "[s]tatus alone as [a major shareholder] not involved in day to day management is legally insufficient to support a Section 20(a) claim." *Id.*; *see Dartley v. ErgoBilt Inc.*, No. CIV. A. 398CV1442M, 2001 WL 313964, at *1 (N.D. Tex. Mar. 29, 2001) ("The Court finds that Troutman's status as a major shareholder and a party to the voting agreement at issue does not, without more, create control person liability.") The Complaint does not come close to satisfying either of these elements and should be dismissed.

> **A. The Complaint Fails to Plead a Primary Violation of Section 10(b) by SolarWinds.**

As demonstrated in the SolarWinds Motion, which the Silver Lake Defendants hereby incorporate by reference, Plaintiff fails to plead a primary violation under Section 10(b) against SolarWinds. (*See* SolarWinds Mot. at 15-40.) Accordingly, Plaintiff's Section 20(a) claim against the Silver Lake Defendants as a control person fails as a matter of law. *See, e.g.*, *Southland Sec. Corp.*, 365 F.3d at 384 (affirming dismissal of Section 20(a) claims because the complaint failed to allege a primary violation); *Markman v. Whole Foods Market. Inc.*, 269 F.Supp.3d 779, 787–88 (W.D. Tex. 2017).

> **B. The Complaint Fails to Adequately Allege Control by the Silver Lake Defendants Over SolarWinds.**

Plaintiff's Section 20(a) claim fails for the independent reason that the Complaint does not adequately allege the requisite control of SolarWinds by the Silver Lake Defendants.

> **1. The Complaint Fails to Allege Facts Against Each Silver Lake Defendant As Distinct From Other Defendants.**

As a threshold matter, the Complaint indiscriminately lumps together various sets of Defendants, which violates the fundamental pleading mandate of Rule 8 that "defendants in all lawsuits [] be given notice of the specific claims against them." *Anderson v. U.S. Dep't of Housing & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)).

For example, the Complaint groups SLTM with SLG, defined collectively as the singular entity "Silver Lake." (¶ 18.) Plaintiff initially named another entity—"Silver Lake Partners, LLC"—as the sole "Silver Lake" defendant, but on June 29, 2021, Plaintiff moved to substitute that entity with two other entities, SLTM and SLG, stating that "Counsel for Lead Plaintiff has determined that the relevant Silver Lake entities are Silver Lake Technology Management, L.L.C. and Silver Lake Group L.L.C." (ECF 33 at 1.) However, because Plaintiff chose not to amend,

the Complaint contains no allegations making any differentiation, with respect to control or otherwise, between SLG and SLTM.[5]

Similarly, the Complaint combines the Silver Lake Defendants together with another SolarWinds investor, Thoma Bravo, collectively defining those Defendants as the "Private Equity Firms" or "Controlling Entity Defendants." The Complaint alleges, for example, that the "***Private Equity Firms*** owned over 80% of SolarWinds' stock at the start of the Class Period and exercised control over SolarWinds throughout the Class Period" (¶ 265), that the "***Private Equity Firms*** had the right to designate a majority of SolarWinds' Board of Directors" (¶ 266), and that "[b]y reason of the aforementioned conduct, the **Control Person Defendants** are liable under Section 20 of the Exchange Act" (¶ 269). (Emphases added.)

Both of these pleading tactics are improper in a multi-defendant case such as this because Rule 8 requires a plaintiff to "explain what role each Defendant played . . . rather than grouping them together." *Del Castillo v. PMI Holdings North America Inc.*, No. 4:14–CV–3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) (dismissing claims against a group of defendants because plaintiff "provid[ed] no factual basis to distinguish their conduct"); *see also Washington v. Patterson-UTI Energy, Inc.*, No. 5:16-CV-130-RP, 2016 WL 3081060, at *3 (W.D. Tex. May 31, 2016) (Pitman, J.) (dismissing claims against two defendants because the complaint "fail[ed] to identify which actions were taken by" each and as a result, "it fail[ed] to put [Defendants] on notice of the allegations against them as required by Rule 8").

Moreover, the aggregated allegations as to the Silver Lake Defendants and Thoma Bravo are insufficient to support a Section 20(a) claim because Plaintiff makes no allegation that the

---

[5] As stated in Plaintiff's motion to substitute, the Silver Lake Defendants reserved all claims, defenses, and grounds for dismissal relating to the requested substitution. (ECF 33 at 1.)

Silver Lake Defendants, on the one hand, and Thoma Bravo, on the other, acted jointly to control SolarWinds. *See In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 676 n. 24 (N.D. Tex. 2013) (declining to credit conclusory assertions that two entities acted jointly based on "bare allegations" that they collectively had majority ownership); *see also Fouad v. Isilon Sys., Inc.*, No. C07-1764 MJP, 2008 WL 5412397, at *13 (W.D. Wash. Dec. 29, 2008) ("Without additional allegations that the venture capital firms acted together to control [the company], these allegations of control by virtue of collective ownership are conclusory and unconvincing.") Plaintiff's attempt to assert generic, blanket allegations against a manufactured, single hybrid "control person" cannot be squared with Rule 8 or Section 20(a) and, as a result, warrants dismissal of the claim against the Silver Lake Defendants.

### 2. The Complaint Fails to Allege Control Over SolarWinds' Day-to-Day Management or Operations by the Silver Lake Defendants.

The Complaint's theory of "control" rests almost entirely on the Silver Lake Defendants' alleged status as a minority SolarWinds shareholder and their attendant right to designate three members of the Company's board of directors. (*See* ¶¶ 19, 28, 267-68 (alleging that the "Controlling Entity Defendants were also controlling persons of their agents on the Company's Board of Directors and that the "Controlling Entity Defendants had the power and ability to control the actions of SolarWinds and its employees, including by virtue of [their agents'] membership on the SolarWinds Board").) But courts in this Circuit have made plain that such allegations are insufficient to state a claim under Section 20(a).

In *Zishka*, the Court dismissed a Section 20(a) claim against a private equity firm based on almost identical allegations. *Zishka*, 2001 WL 1748741, at *1. In that case, the plaintiff alleged that Bain Venture Capital owned between 38% and 50% of the company's stock and, as a result of that stock ownership, had "the power to, and did, place three persons on the [company's board]."

*Id.* The Court dismissed the Section 20(a) claim, holding that that the plaintiff failed to plead a "sufficient exercise of power and control by the Bain Defendants as to the challenged acts" and that the defendants' "status alone," when they were not involved in day-to-day management, was legally insufficient. *Id.*; *see also Dartley*, 2001 WL 313964, at *1 (dismissing Section 20(a) claim because defendant's "status as a major shareholder . . . does not, without more, create control person liability"); *Fouad*, 2008 WL 5412397, at *13 ("[A] defendant's status as minority shareholder is insufficient to establish control person liability, even when combined with the power to appoint directors.").[6]

The Complaint's failure to allege any facts showing that the Silver Lake Defendants were involved in, much less controlled, SolarWinds' day-to-day operations and decision making warrants the same result here. *See Kosmos*, 955 F. Supp. 2d at 675-76 (dismissing control person liability claim under Section 15 of the Securities Act of 1933 because the complaint failed to allege that the control defendants "were somehow involved in [the company's] operations (day-to-day or long-term), decision-making, or planning").[7] Notably, the Complaint does not allege that any of the concerns raised by former employees who supplied information in the Complaint about SolarWinds' cybersecurity practices were communicated to the Silver Lake Defendants, nor does it allege any role by the Silver Lake Defendants in the conduct described by those employees. (*See, e.g.*, ¶¶ 90-102, 132-46.)

---

[6] Nor can control person liability against the Silver Lake Defendants be based on the bare allegation that three of their employees served as SolarWinds directors. *Dennis v. Gen. Imaging, Inc.*, 918 F.2d 496, 509-10 (5th Cir. 1990) (defendant's status as a director "alone will not automatically cause him to be deemed" a control person).

[7] As the Fifth Circuit has noted, "[t]he control person sections of both [the Securities Exchange Act and the Securities Act of 1933] are interpreted the same, at least with respect to the definition of 'controlling person'[.]" *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 n. 15 (5th Cir. 1993).

Plaintiff also cannot establish control based on SolarWinds' disclosures in its SEC filings that it is a "controlled company" as defined by the NYSE rules. (¶¶ 18, 265.) An issuer's status as a "controlled company" under the NYSE rules merely reflects that it has shareholders with significant ownership, which, as noted above, is legally insufficient for purposes of control person liability. *Dartley*, 2001 WL 313964, at *1. Thus, as one court in this Circuit noted, an issuer stating "that it was a controlled company under NYSE rules is largely irrelevant in determining whether the complaint alleges control person liability." *Kosmos*, 955 F. Supp. 2d at 676-77.

The Complaint's remaining allegations concerning the Silver Lake Defendants are equally unavailing. For example, the Complaint relies heavily on the Silver Lake Defendants' sale of SolarWinds stock to an institutional investor in December 2020. (¶¶ 10, 61, 194-96.) But the Complaint says nothing about how this stock sale bears on the operative question of the Silver Lake Defendants' alleged day-to-day control over, or involvement in, the Company's operations during the Class Period. *See Zishka*, 2001 WL 1748741, at *1.

Likewise, the Complaint's allegation that the Silver Lake Defendants engaged in a particular "strategy" utilized by private equity firms that "prioritized short-term revenue growth and aggressively cut costs" in order to generate a profit misses the mark entirely. (¶¶ 27, 149.) While the Silver Lake Defendants had no such strategy and in fact, as long term holders, had no incentive to prioritize short-term profits, even if Plaintiff's allegations had been true, seeking to profit from an investment in a company does not in any way suggest that a shareholder exercised the "power and control" necessary under Section 20(a). To the contrary, courts have recognized that selling stock to profit from investment activities is commonplace and not inherently suspicious. *See, e.g.*, *In re Envision Healthcare Corp. Sec. Litig.*, No. 3:17-CV-01112, 2019 WL 6168254, at *26 (M.D. Tenn. Nov. 19, 2019) ("[Defendant] is a private equity fund whose sole

purpose is to invest in companies and ultimately sell them.  It is, therefore, not suspicious that it would divest itself of stock in large sales.").

### III.   CONCLUSION

For the foregoing reasons and for those set forth in the SolarWinds Motion, Count II of the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Dated:  August 2, 2021

EDMUNDSON SHELTON WEISS PLLC

/s/ *Jesse Z. Weiss*
Jesse Z. Weiss
SBN 24013728
317 Grace Lane
Suite 210
Austin, TX 78746
Tel: (512) 596-3058
jesse@eswpllc.com

Sameer Advani (admitted pro hac vice)
Wesley R. Powell (admitted pro hac vice)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8587
sadvani@willkie.com
wpowell@willkie.com

*Counsel for Silver Lake Group L.L.C. and Silver Lake Technology Management, L.L.C.*
