IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | Case No. 1:21-cv-00138-RP<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**LEAD PLAINTIFF'S OPPOSITION TO THE SOLARWINDS DEFENDANTS' FOOTNOTE REQUEST FOR JUDICIAL NOTICE OR INCORPORATION-BY-REFERENCE OF 31 EXHIBITS**

Lead Plaintiff objects to the SolarWinds Defendants' footnote request for judicial notice and incorporation-by-reference of the 31 exhibits attached to their Motion to Dismiss the Complaint (ECF No. 41 at 1 n.2).[1]

## I. INTRODUCTION

In a single footnote to their Motion to Dismiss, SolarWinds flippantly asserts that the Court must take judicial notice of twelve documents that the Complaint nowhere references (Exs. 1-2, 6, 8, 10, 16-17, 22-23, 29-31) and wholesale incorporate by reference another nineteen documents into the Complaint (Exs. 3-5, 7, 9, 11-15, 18-21, 24-28). SolarWinds then impermissibly relies upon self-serving snippets from these 31 exhibits throughout their Motion to construct an alternate chain of events that directly contradicts the well-pleaded factual allegations in the Complaint and bears no resemblance to reality. SolarWinds nowhere explains in its footnote or elsewhere the legal basis on which the self-serving "facts" it plucks from these 31 documents can be considered on a Rule 12(b)(6) motion to dismiss—and there is none.

SolarWinds' blatant misuse of the judicial notice and incorporation by reference doctrines to construct an alternative set of "facts" is improper and should be rejected.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 201, a court may take judicial notice of facts that are not subject to reasonable dispute because they are either (1) generally known within the territorial jurisdiction, or (2) capable of accurate determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998). "The court's notice, however, is limited to the existence of the document, 'not to

---

[1] Unless otherwise noted, emphasis is added and internal citations are omitted. All "Ex(s)." references herein are to the Exhibits to the Declaration of Michael J. Biles in Support of Defendants' Motion to Dismiss the Consolidated Complaint (ECF No. 43).

prove the truth of the documents' contents.'" *Ambler v. Williamson Cnty., Texas*, 2021 WL 769667, at *3 (W.D. Tex. Feb. 25, 2021) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996)). "The burden is on the party seeking judicial notice to show that these requirements have been satisfied," and "[e]very reasonable doubt upon the subject should be resolved promptly in the negative." *Id.*

### III.   ARGUMENT

In its footnote request, SolarWinds urges the Court to conclude—at the pleading stage, no less—that its version of the "facts" is true and Lead Plaintiff's allegations are wrong. But SolarWinds' "facts," which are cobbled together from self-serving snippets of 31 exhibits attached to its Motion, are hotly disputed and incorrect. SolarWinds' tactic finds no support in the law, and should be rejected, for each of the following reasons.

***First***, SolarWinds' approach ignores the Federal Rules of Civil Procedure. "When faced with a Rule 12(b)(6) motion to dismiss a §10(b) action, courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). Motions to dismiss in securities actions, as in all actions, are "viewed with disfavor and are rarely granted," and the court "must also draw all reasonable inferences in the plaintiff's favor." *Id.* Moreover "a complaint 'does not need detailed factual allegations,'" but needs only "factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Id.*; *see also In re Cobalt Int'l. Energy, Inc.*, 2016 WL 215476, at *2 (S.D. Tex. Jan. 19, 2016) ("The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true."). To the extent that the "facts" presented in SolarWinds' proffered documents conflict with the allegations in the Complaint, the Court must grant deference to the Complaint.

**_Second_**, SolarWinds' footnote request ignores the limited scope of the "judicial notice" and "incorporation by reference" doctrines. SolarWinds' tactic is part and parcel to the "concerning pattern in securities cases" of defendants trying to exploit the doctrines of "judicial notice" and "incorporation by reference" to "defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). As courts have observed, "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery"—a risk that is "especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id*.

Here, SolarWinds' entire Motion to Dismiss hinges on its attempt to impeach the Complaint by plucking disputed "facts" from snippets contained in its thirty-one exhibits and treating them as "true." Specifically, SolarWinds urges the Court to ignore the Complaint's well-pleaded allegations and, instead, accept as "true" that: (i) immediately after Thornton-Trump resigned, SolarWinds hired a security team and reformed (Mot. at 7); (ii) SolarWinds' egregiously compromised password for its Update Server "would not have enabled the threat actor to … inject malicious code into Orion" (Mot. at 24); and (iii) Russia is capable of hacking any company "even with the best cyber hygiene [and] the best protocols in place" (Mot. at 10 n.9). Not only are these "facts" false and disputed, but they also cannot be accepted as true at this stage.

The law is clear that, while the doctrine of "judicial notice" may be properly used in securities cases to identify what representations were made to investors, it may **_not_** be used to establish "facts" and override the Complaint's well-pled allegations. *See Miller v. Stroman*, 2020 WL 2494576, at *3 (W.D. Tex. May 14, 2020) ("The Court agrees with the Plaintiffs that the

Defendants cannot introduce disputed facts through judicial notice at the dismissal stage in a motion to dismiss."); *In re Michaels Stores, Inc. Sec. Litig.*, 2004 WL 7344746, at *3 (N.D. Tex. Dec. 13, 2004) (rejecting the use of extrinsic documents to "disprove the Complaint's factual allegations").

The same is true with SEC filings, news articles, and congressional testimony. *See Hanmi Fin. Corp. v. SWNB Bancorp, Inc.*, 2019 WL 937195, at *4 n.7 (S.D. Tex. Feb. 26, 2019) (declining to take judicial notice of SEC documents where defendants offered them "to prove the truth of the documents' contents"); *Ambler*, 2021 WL 769667, at *4 n.8 ("Courts routinely have declined to take judicial notice of facts asserted in news reports and newspapers because they are 'not a source whose accuracy cannot be questioned.'"); *F.D.I.C. v. Adams*, 2013 WL 6044111, at *3 (N.D. Ga. Apr. 10, 2013) (declining to take judicial notice of congressional testimony where defendants "urg[ed] this court to judicially notice certain facts [within the congressional testimony] they contend rebut the [plaintiffs'] allegations").

Defendants also attempt to misuse the doctrine of "incorporation-by-reference," impermissibly pointing throughout their motion to SolarWinds' own self-serving words and other disputed accounts as the "truth." *See e.g.*, Mot. at 8-10 (asserting without support that the breach was carried out by thousands of highly skilled engineers, but that SolarWinds responded perfectly and entirely mitigated client exposure). In rejecting this tactic, courts in this Circuit and elsewhere have repeatedly explained that "documents attached to or incorporated by reference in the complaint … should be considered **only** for the purpose of determining what statements the documents contain, **not to prove the truth of the documents' contents**." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 439 F. Supp. 2d 692, 696 (S.D. Tex. 2006); *see also Schott v. Nobilis Health Corp.*, 211 F. Supp. 3d 936, 947 (S.D. Tex. 2016) (same). "The incorporation-by-reference

4

doctrine does ***not*** override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja*, 899 F.3d at 1014 (collecting cases).

***Finally***, SolarWinds' attempt to obtain "judicial notice" and "incorporate facts by reference" fails for an entirely separate reason. A party who requests a court adopt "facts" from exhibits to a motion to dismiss—let alone from ***31*** exhibits—must make the requisite showing for each exhibit and fact. Defendants have failed to make that showing here—indeed, they did not even try. *See Int'l. Corrugated & Packing Supplies, Inc. v. Lear Corp. & Lear Mexican Seating Corp.*, 2016 WL 7410771, at *6 (W.D. Tex. Dec. 21, 2016) ("The lack of analysis by Defendants leaves the Court assuming ... whether the doctrine of incorporation by reference" applies); *Hanmi*, 2019 WL 937195, at *4 n.7 (denying request for judicial notice where defendant failed to "convincingly argue that the 'accuracy' of SEC filings and press reports 'cannot reasonably be questioned'").

## IV. CONCLUSION

The Court should decline SolarWinds' invitation to accept its disputed version of events and resolve factual disputes in its favor. SolarWinds' threadbare request that the Court take judicial notice of, and incorporate by reference, snippets from its 31 exhibits is improper. If the Court chooses to take judicial notice or incorporate into the Complaint any of these documents, Lead Plaintiff respectfully requests that the Court not assume the truth of any statement therein or accept SolarWinds' proffered inferences based on SolarWinds' self-serving version of the facts to dispute the Complaint's well-pleaded allegations.

DATED: October 1, 2021

| **MARTIN & DROUGHT, P.C.** | **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** |
|---|---|
| /s/ Gerald T. Drought | John J. Rizio-Hamilton (admitted *pro hac vice*) |
| Gerald T. Drought | Jonathan D. Uslaner (admitted *pro hac vice*) |
| State Bar No. 06134800 | Benjamin W. Horowitz (admitted *pro hac vice*) |
| Federal Bar No. 8942 | Thomas Z. Sperber (admitted *pro hac vice*) |
| Frank B. Burney | 1251 Avenue of the Americas |
| State Bar No. 03438100 | New York, New York 10020 |
| Weston Centre | Telephone: (212) 554-1400 |
| 112 E. Pecan Street, Suite 1616 | Facsimile: (212) 554-1444 |
| San Antonio, Texas 78205 | Johnr@blbglaw.com |
| Tel: (210) 227-7591 | JonathanU@blbglaw.com |
| Fax: (210) 227-7924 | Benjamin.Horowitz@blbglaw.com |
| gdrought@mdtlaw.com | Thomas.Sperber@blbglaw.com |

*Liaison Counsel for Lead Plaintiff New York City District Council of Carpenters Pension Fund*

*Lead Counsel for Lead Plaintiff New York City District Council of Carpenters Pension Fund and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing system.

*/s/ Gerald T. Drought*_____
GERALD T. DROUGHT