IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MASTER FILE NO. 1:21-CV-138-RP |

**DEFENDANT SOLARWINDS AND BROWN'S REPLY BRIEF IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE**

When adjudicating motions to dismiss, courts in this Circuit routinely consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Asure Software, Inc. v. Meeting Maker Holding B.V.*, No. A-13-CA-051-SS, 2013 WL 12182047, at *2 (W.D. Tex. June 20, 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Each of the documents attached as exhibits to the Declaration of Michael J. Biles (the "Biles Declaration" or "Biles Decl.") [Doc. 43] filed in support of the SolarWinds Defendants' Motion to Dismiss [Doc. 41] and the was incorporated by reference into Plaintiff's Complaint or is properly subject to judicial notice by this Court. Plaintiff's arguments that the Court should ignore these materials are meritless. The SolarWinds Defendants' opening brief in support of their Motion to Dismiss cited pertinent and controlling authorities confirming the propriety of the Court's consideration of these documents. *See* Doc. 41 at 1 n.2. No more was required.

**A.    Many of the documents are incorporated into the Complaint by reference.**

Fifteen of the documents at issue are specifically referenced in the Complaint.[1] In considering a motion to dismiss in a Private Securities Litigation Reform Act ("PSLRA") case, "the court considers

---

[1] Biles Decl. Exs. 3, 5, 12–15, 18, 20–26; *see also* November 1, 2021 Declaration of Michael J. Biles in Further Support of the SolarWinds Defendants' Motion to Dismiss the Consolidated Complaint

the entire complaint, other sources typically examined in a 12(b)(6) motion, **sources incorporated by reference into the complaint**, and matters of which a court may take judicial notice." *Wu Winfred Huang v. EZCORP, Inc.*, 259 F. Supp. 3d 563, 573 (W.D. Tex. 2017) (emphasis added).  That includes "the ***complete copies*** of the documents referenced in and incorporated by reference in the Complaint." *Millcreek Assocs., L.P. v. Bear, Stearns & Co.*, 205 F. Supp. 2d 664, 680 (W.D. Tex. 2002) (emphasis added); *see also Izadjoo v. Helix Energy Sols. Grp., Inc.*, 237 F. Supp. 3d 492, 502 n.3 (S.D. Tex. 2017) (considering presentation slides "under its authority to consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint.").  Courts consider the entirety of documents referenced by plaintiffs in PSLRA cases in part to determine whether plaintiffs have made "an effort to characterize [a defendant's] statement as deceptive." *Pontiac Gen. Employees' Ret. Sys. v. Hanger, Inc.*, No. A-14-CA-1026-SS, 2017 WL 384072, at *5 n.7 (W.D. Tex. Jan. 26, 2017), *rev'd in part on other grounds and remanded sub nom. Alaska Elec. Pension Fund v. Asar*, 898 F.3d 648 (5th Cir. 2018).

Plaintiff acknowledges that the Complaint references these documents as purported support for the asserted claims.  Opp. at 1.  Therefore, the Court can consider the "complete copies" of these documents referenced in and incorporated by reference in the Complaint.  Indeed, it is essential for the Court to review the entire context of these documents to verify that Plaintiff's characterizations are accurate.  This is particularly important for the "Creating Security" PowerPoint presentation that Plaintiff's star witness, Ian Thornton-Trump, prepared 18-months before the Class Period began.  Plaintiff alleges that this is a smoking gun that placed SolarWinds on notice that its security protocols were in shambles.  The document's actual contents, however, bear no resemblance to the patent

---

("Biles Decl. II"), Ex. 32.  The attached Exhibit A to this brief lists the paragraphs in the Complaint that reference these materials.

mischaracterizations in Plaintiff's Complaint—and that is precisely why the Court should review its entire contents.  *See In re Enron Corp. Sec., Derivative & Erisa' Litig.*, No. CIV.A. H013624, 2005 WL 3504860, at *11 n.20 (S.D. Tex. Dec. 22, 2005) (noting that "the Court can view any statement selectively quoted or referenced in the context from which it was drawn to protect against any misrepresentation or misinterpretation"); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (observing that courts may consider documents incorporated by reference in a complaint to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims") (cited in Plaintiff's brief [Doc. 54] at 3, 5).  The Court should consider all fifteen of Defendants' exhibits that are incorporated by reference in the Complaint when ruling on the Motion to Dismiss.

> **B.      The Court should take judicial notice of the remaining documents.**

The remaining documents are subject to judicial notice and therefore are also properly considered by the Court.  Courts routinely grant requests for judicial notice of matters that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably questioned."  Fed. R. Evid. 201(b).  Indeed, courts "*must* take judicial notice if a party requests it and the court is supplied with the necessary information."  *Id.* at 201(c) (emphasis added).  And contrary to Plaintiff's contention that judicial notice is somehow improper at the pleading stage, "[a] court 'may take judicial notice at any stage of the proceeding.'" *Am. C.R. Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 791 (W.D. Tex. 2015) (quoting Fed. R. Evid. 201(d)).

The documents referenced in the SolarWinds Defendants' Motion to Dismiss are precisely the type that the Fifth Circuit and Western District of Texas have consistently considered when ruling on a motion to dismiss in a securities action governed by the PSLRA.  Accordingly, the Court should take judicial notice of their contents.

*First*, six of the remaining documents are SEC filings,[2] which this Court has repeatedly held are appropriate for judicial notice. *U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006) (citing cases); *see also Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 n.1 (5th Cir. 1996) (explaining that it would be "highly impractical and inconsistent with Fed. R. Evid. 201 to preclude a district court from considering" relevant public disclosure documents on a "motion to dismiss a securities action based on allegations of material misrepresentations or omissions"). These filings include SolarWinds' prescient warning to investors that "[i]f we sustain . . . cyberattacks against our systems or against or products, or other data security incidents or breaches, we could suffer a loss of revenue and increased costs, exposure to significant liability, reputational harm and other serious negative consequences." Biles Decl. Ex. 7, 10/18/18 Prospectus at 25–26. Indeed, it is well settled that district courts must consider a company's disclosed risk factors when weighing the materiality of the alleged misstatements in a PSLRA case. *See, e.g.*, *Lovelace*, 78 F.3d at 1019–20 (considering risk factors disclosed in defendant's prospectuses).

*Second*, two of the remaining documents are transcripts from Congressional testimony taken under oath and referenced to provide context and background to the sophistication of the Russian intelligence cyberattack on SolarWinds.[3]   Courts in this Circuit have held judicial notice of congressional testimony is appropriate. *See In re U.S. for Historical Cell Site Data*, 747 F. Supp. 2d 827, 830–31 (S.D. Tex. 2010) (finding Congressional testimony appropriate for judicial notice under Fed. R. Evid. 201), *vacated on other grounds*, 724 F.3d 600 (5th Cir. 2013). Plaintiff does not dispute that Congressional testimony is subject to judicial notice within the Fifth Circuit, nor does Plaintiff dispute any specific testimony provided to Congress about the background and nature of the cyberattack. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is **not subject to reasonable dispute**

---

[2] Biles Decl. Exs. 4, 7, 16, 29–31.

[3] Biles Decl. Exs. 2, 8.

. . . ." (emphasis added)).  Because the transcripts provide relevant context to the cyberattack and meet the judicial-notice requirements of Rule 201, the Court should take judicial notice of these transcripts.

*Third*, two of the remaining documents are reports released by government agencies, which provide context and background for the cyberattack.[4]  The Fifth Circuit has "made clear that courts may take judicial notice of information contained on governmental websites."  *Cleven v. Mid-Am. Apartment Communities, Inc.*, No. 1:16-CV-820-RP, 2017 WL 4276534, at *3 (W.D. Tex. Sept. 26, 2017); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (taking judicial notice of publicly available documents produced by government agency); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (same); *KB Partners I, L.P. v. Pain Therapeutics, Inc.*, No. A-11-CA-1034-SS, 2015 WL 7760201, at *3 (W.D. Tex. Dec. 1, 2015) (same).  Plaintiff makes no effort to dispute the appropriateness of judicial notice of the government reports submitted here.  The Court should take judicial notice of the documents' relevant contents as outlined in the Motion to Dismiss.

*Fourth*, two of the remaining documents are SolarWinds earnings call transcripts, which provide context to Plaintiff's allegations regarding the timing of SolarWinds' announcement of Mr. Thompson's resignation.[5]  Courts in the Fifth Circuit regularly consider earnings call transcripts in PSLRA cases at the motion to dismiss stage.  *See, e.g., Pontiac Gen. Employees' Ret. Sys.*, 2017 WL 384072, at *5 (quoting earnings call transcripts appended to defendants' motion to dismiss); *Izadjoo*, 237 F. Supp. 3d at 511–13 (determining in light of statements made during earnings call that complaint failed to sufficiently plead a material misrepresentation).  Plaintiff does not attempt to argue that judicial notice of the earnings call transcripts is improper.  Accordingly, the Court should take judicial notice of these documents.

---

4  Biles Decl. Exs. 1, 19.

5  Biles Decl. Exs. 27–28.

**Finally**, the five remaining documents are from publicly available websites and are cited for purposes that are consistent with Plaintiff's allegations and are neither disputed nor susceptible to any reasonable dispute.[6]  *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute.").  Specifically, Exhibit 6, the definition of "managed service provider," is neither disputed nor subject to reasonable dispute.  Because Plaintiff cites the term "managed service provider" in the Complaint without defining it, *see* Compl. ¶¶ 32, 163, Defendants appended Exhibit 6 to explain the term.  The definition does not conflict with Plaintiff's allegations, and the Court may take judicial notice of Exhibit 6.

Similarly, Exhibit 9 is a SolarWinds press release cited to reflect that Rani Johnson was hired as Chief Information Officer in April 2017, which is consistent with Plaintiff's allegations in the Complaint.  *See* Compl. ¶ 74 (referring to Ms. Johnson as Chief Information Officer).  Likewise, Exhibits 10 and 11 are cited to provide Mr. Brown's relevant professional background as context to Plaintiff's allegations and reflect that Mr. Brown is a former Dell Fellow with significant cybersecurity experience.  Def. Br. [Doc. 41] at 7 n.7.  Plaintiff does not dispute this and alleges nothing to the contrary in the Complaint.  Indeed, Plaintiff cites Mr. Brown's "decades of experience in the security technology field" and references an article mentioning Mr. Brown's status as a former Dell Fellow. Compl. ¶ 16.  The Court can take judicial notice of Exhibits 9, 10, and 11.

Finally, Exhibit 17 is a GitHub product overview webpage, which Defendants similarly cite for a proposition that is not disputed and is entirely consistent with Plaintiff's allegations.  *Compare* Compl. ¶ 105 ("The GitHub website is commonly used by software developers to share computer code and other information related to software development.") *with* Def. Br. [Doc. 41] at 13 n.13 ("GitHub is a web-based version-control and collaboration platform for software developers.").

---

[6]  Biles Decl. Exs. 6, 9–11, 17.

Further, the GitHub product overview is a "source[] whose accuracy cannot be reasonably questioned," as it is a self-explanatory webpage.  Exhibit 17 is thus subject to judicial notice under Fed. R. Evid. 201(b)(2).  Because the above described exhibits are subject to judicial notice and cited for propositions consistent with Plaintiff's allegations, the Court should judicially notice these documents.

## CONCLUSION

For the foregoing reasons, Defendants' exhibits appended to the Biles Declarations are all (i) incorporated in the Complaint by reference and/or (ii) appropriate for judicial notice.  For the Court's convenience, the attached Exhibit A to this brief identifies each document and briefly recites reasons the Court should consider it in assessing the SolarWinds Defendants' Motion to Dismiss.

Dated:  November 1, 2021

Respectfully submitted,

_/s/ Michael J. Biles_ 
Paul R. Bessette
Texas Bar No. 02263050
Michael J. Biles
Texas Bar No. 24008578
KING & SPALDING LLP
500 W. 2nd Street, Suite 1800
Austin, TX  78701
Tel:  (512) 457-2050
Fax:  (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com

*Counsel for SolarWinds Corp.,*
*and Tim Brown*

## CERTIFICATE OF SERVICE

I certify that on November 1, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

*/s/ Michael J. Biles*
Michael J. Biles