**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| | § | |
| IN RE SOLARWINDS CORPORATION | § | MASTER FILE NO. 1:21-CV-138-RP |
| SECURITIES LITIGATION | § | |
| | § | |
| | § | |

**<u>SILVER LAKE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS</u>**

Plaintiff's Opposition concedes that the Complaint does not allege that the Silver Lake Defendants exercised actual control over any alleged misstatements by SolarWinds. This, alone, is sufficient reason to grant the Silver Lake Defendants' motion to dismiss the Section 20(a) claim. Plaintiff nonetheless attempts to salvage its sole claim against the Silver Lake Defendants by asking the Court to apply an alternative legal standard under which an investor's "ability" to control corporate decisions based on mere board representation is sufficient to establish Section 20(a) liability. But this is not the law and, even if it were, the Silver Lake Defendants—as minority shareholders of SolarWinds with a minority of its board seats—still would not be subject to control person liability. Plaintiff attempts to end-run this shortcoming by aggregating the Silver Lake Defendant's investment in SolarWinds with that of an unaffiliated co-investor, Thoma Bravo, declaring them effectively to be a single controlling investor subject to Section 20(a). But this too finds no support in the law, and, if adopted, would dramatically expand the scope of Section 20(a) and potentially expose a wide range of investors to control person liability. The Court should reject Plaintiff's novel approach and dismiss the Section 20(a) claim as to the Silver Lake Defendants.

## I.      Plaintiff Fails to Allege the Requisite Control by the Silver Lake Defendants.

### A.      Plaintiff Applies The Incorrect Legal Standard.

Plaintiff asserts that pleading a Section 20(a) claim merely requires general allegations that the Silver Lake Defendants had the "ability" to exercise control over SolarWinds, even if the Complaint does not allege that the Silver Lake Defendants actually exercised that control, or that the alleged control related in any way to the underlying securities violations challenged in this lawsuit. (Opp'n at 70-72.) Plaintiff is wrong in both respects.

As a threshold matter, numerous courts within the Fifth Circuit have found allegations of actual control necessary to sustain a claim under Section 20(a) claim. For example, in *In re*

*ArthroCare Corp. Sec. Litig.*, 726 F. Supp. 2d 696 (W.D. Tex. 2010), the Court dismissed plaintiff's Section 20(a) claim because plaintiff failed to allege that the alleged control person "***actually controlled*** the public dissemination of the false statements in question."  *Id.* at 731 (emphasis added).  Even when courts sustain Section 20(a) claims, it is clear that those claims survive motions to dismiss ***because*** plaintiffs are able to allege facts showing that the alleged controlling entities were involved in day-to-day operations.  *See, e.g.*, *Chamberlain v. Optima Int'l Tr. Co., Ltd.*, No. A-05-CA-394-LY, 2006 WL 8431988, at *6 (W.D. Tex. Sept. 5, 2006) (denying motion to dismiss based on allegations that the defendant "***was involved in the day-to-day operations*** of Bre–X . . . ***and did influence and control*** the decision making of Bre–X.") (emphasis added).  Similarly, in *One Longhorn Land I, L.P. v. Defendant FF Arabian, LLC*, No. 4:15cv203-RC-CMC, 2015 WL 7432360 (E.D. Tex. Nov. 23, 2015), Plaintiff's primary authority on this issue (Opp'n at 71), the court in fact relied on allegations that the Section 20(a) defendant "continuously and systematically ***exerted*** paternal and financial influence and control over" his son for purposes of directing the relevant conduct of the primary violator.  *Id.* at *3 (emphasis added).[1]  Plaintiff attempts to circumvent its pleading deficiency by arguing that Plaintiff "has alleged facts that amount to 'effective day-to-day control.'"  (Opp'n at 72.)  It is no surprise that Plaintiff does not cite a single paragraph of the Complaint in support of that statement—Plaintiff made no such allegations.  (*See* Silver Lake Mot. at 6-7.)

---

[1]  Likewise, in *Camelot Event Driven Fund v. Alta Mesa Res., Inc.* the court sustained the Section 20(a) claim because plaintiff alleged the defendants had the ability to control the primary violator based on a "complex web of securities ownership, contract, business relationships, interlocking directors, and other factors."  *Camelot Event Driven Fund v. Alta Mesa Res., Inc.*, No. 4:19-CV-957, 2021 WL 1416025, at *12 (S.D. Tex. Apr. 14, 2021).  Those allegations included that the Section 20(a) defendants had direct involvement in providing the information for the allegedly fraudulent proxy statement.  (*Camelot*, Second Amended Complaint, ¶¶ 56, 177, 386, Dkt. 69 (April 6, 2020).)

Even if Plaintiff were correct that it need not allege facts showing the actual exercise of control, the Fifth Circuit has made clear that "a plaintiff must at least show that the defendant had an ability to control the specific transaction or activity *upon which the primary violation is based*." *Heck v. Triche*, 775 F.3d 265, 283 (5th Cir. 2014) (emphasis added); *see also In re Venator Materials PLC Sec. Litig.*, No. 4:19-CV-03464, 2021 WL 2980581, at *16 (S.D. Tex. July 7, 2021). Under this standard, the relevant inquiry is whether Plaintiff sufficiently alleges that the Silver Lake Defendants had an ability to control the primary violation, *i.e.*, the Company's public disclosures regarding its cybersecurity measures. *Heck*, 775 F.3d at 283. Plaintiff unquestionably has not done so. Plaintiff sidesteps the point by arguing that it "need not allege that [the Silver Lake Defendants] participated in the underlying Exchange Act violation." (Opp'n at 71.) That has no bearing on this issue because the question is not participation but *control* over SolarWinds' cybersecurity disclosures. For that reason alone, Plaintiff's Section 20(a) claim must fail.

**B.    Plaintiff's Allegations of Unexercised, Hypothetical Control Are Insufficient.**

Even if Plaintiff could allege a Section 20(a) claim based on merely possessing indirect control, which it cannot, Plaintiff's allegation that the Silver Lake Defendants had indirect control over SolarWinds relies exclusively on the Silver Lake Defendants' status as investors and their ability to appoint certain directors to the SolarWinds Board. That allegation is insufficient.

First, as courts in this Circuit have held, "[s]tatus alone as to persons not involved in day to day management is legally insufficient to support a Section 20(a) claim." *Zishka v. Am. Pad & Paper Co.*, No. CIV.A.3:98-CV-0660-M, 2001 WL 1748741, at *1 (N.D. Tex. Sept. 28, 2001). Accordingly, Plaintiff's focus on the Silver Lake Defendants' right to designate directors or vote their shares (Opp'n at 72), which are unremarkable attributes of their shareholder "status," is insufficient to meet Plaintiff's burden to plead a claim under Section 20(a). (*See* Silver Lake Mot. at 6-7.)

Second, Plaintiff can only muster allegations that the Silver Lake Defendants are a "majority" shareholder of SolarWinds by arbitrarily adding their stock holdings with the holdings of an unrelated entity, Thoma Bravo (¶¶ 265-66), and arguing that the collective holdings demonstrate that the Silver Lake Defendants and Thoma Bravo "had the combined power to control SolarWinds." (Opp'n at 70.)  But Plaintiff identifies no authority that permits "combining" investors in this manner.[2]  (*See* Silver Lake Mot. at 5-6.)

The crux of Plaintiff's argument is that, because the Silver Lake Defendants and Thoma Bravo invested in SolarWinds at the same time and at the same price (¶¶ 14, 27), they should be deemed to be acting in concert for the duration of the investment.  Plaintiff relies on two cases, both of which are readily distinguishable because the alleged controlling entities were not only co-investors, but also played a significant *joint* role in the company's establishment.  *See In re Cobalt Int'l Energy, Inc.*, No. CV H-14-3428, 2016 WL 215476, at \*1 (S.D. Tex. Jan. 19, 2016) (noting that the two investors together founded Cobalt as a private company before taking it public); *City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*, 450 F. Supp. 3d 379, 427 (S.D.N.Y. 2020) (noting that the investor purchased portions of the company's predecessor and renamed the acquired assets, and that the investors all were affiliates of a single private equity fund).  No such allegations are present here.  And even if the Court accepts Plaintiff's allegations that the Silver Lake Defendants and Thoma Bravo invested in SolarWinds at the same time and sold a portion of their holdings at the same time to be sufficient to deem the unrelated sponsors as

---

[2] Plaintiff attempts a similar tactic as to the Silver Lake Defendants—Silver Lake Group L.L.C. ("SLG") and Silver Lake Technology Management, L.L.C. ("SLTM")—but fails to explain what role each Defendant played.  (*See* Silver Lake Mot. at 4-6.)  Plaintiff's only response is that this grouping is appropriate because Defendant SLTM managed the three funds that held the minority investment in SolarWinds (Opp'n at 71), but Plaintiff makes no reference to Defendant SLG and thus fails to provide notice of the bases of the claim against that Defendant.

"acting in concert," none of that alleged conduct relates to SolarWinds' cybersecurity disclosures. *See* Section I.A, *supra*; *see also LLDVF, L.P. v. Dinicola*, No. CIV.A. 09-1280 JLL, 2010 WL 3210613 (D.N.J. Aug. 12, 2010) (finding that "each defendant's control must be evaluated separately unless there is some basis on which to consider their collective action," such as a voting agreement).  Plaintiff cites no authority that supports indiscriminately aggregating the holdings of unaffiliated investors in these circumstances.

Plaintiff's lack of authority for such a sweeping theory of "joint" control is untenable; taken to its logical conclusion, it would impose control person liability on any collection of investors who happen to buy and sell shares of a company at the same time and at the same share price.  *See LLDVF*, 2010 WL 3210613, at *12 ("[A] contrary holding would mean that any shareholder, no matter how small, could be grouped with others to form a majority control group.")  Once again, Plaintiff asks this Court to push Section 20(a) claims into uncharted territory, and the Court should decline to do so.

### C.     SolarWinds' Factual Statements in Its SEC Filings Are Irrelevant.

In a last-ditch effort, Plaintiff relies on certain disclosures required by the NYSE rules in SolarWinds' SEC filings regarding the Silver Lake Defendants' stock ownership to establish that they allegedly held the requisite level of control over SolarWinds.  (Opp'n at 68-69.)  But, as previously demonstrated, courts in this Circuit have found such disclosures to be irrelevant to the question of control person liability under Section 20(a).  (Silver Lake Mot. at 8 (citing to *In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 676 (N.D. Tex. 2013))); *see also Shaughnessy v. Interpub. Grp. of Cos.*, No. 09–12077, 2010 WL 2630164, *5 (E.D. Mich. June 28, 2010) (declining to find violation of Securities Exchange Act based on NYSE rules because NYSE is a "self-regulatory organization which is completely separate and distinct from the SEC").

Plaintiff attempts to distinguish *Kosmos* by suggesting that SolarWinds' filings contained more information about ***how*** the potential control by the Silver Lake Defendants and Thoma Bravo could be exercised.[3]  (Opp'n at 69.)  That is not true.  Much like the disclosure in SolarWinds' filing that the Silver Lake Defendants and Thoma Bravo "would together have sufficient voting power to effectively control the outcome of matters requiring stockholder approval" (¶ 265), the filing at issue in *Kosmos* informed shareholders that the investors "will continue to control a majority of the voting power of our issued and outstanding common shares."  Appendix to Motion to Dismiss (ECF No. 74) at 46, *In re Kosmos Energy Ltd. Sec. Litig.*, 3:12-cv-00373-B (N.D. Tex. 2013).  The court found that the NYSE disclosures had no impact on the question of Section 20(a) control person liability.  *See Kosmos*, 955 F. Supp. 2d at 676.  The same result is warranted here.

## II.    CONCLUSION

For the foregoing reasons, Count II of the Complaint against the Silver Lake Defendants should be dismissed for failure to state a claim upon which relief can be granted.

---

[3]  Plaintiff's attempt to avoid dismissal by arguing that the Silver Lake Defendants' "level of control" is a "hotly contested factual dispute" is unavailing.  (Opp'n at 72-73.)  This is not a situation where the Complaint alleged specific facts regarding the Silver Lake Defendants' control over SolarWinds' alleged misstatements and the Silver Lake Defendants disputed those facts in their motion to dismiss.  Rather, as demonstrated above, the Complaint contains ***no factual allegations*** about those issues and, therefore, there are no facts to be disputed.  Plaintiff's failure to allege such facts warrants dismissal on the pleadings.  *See ArthroCare Corp.*, 726 F. Supp. 2d at 731 (granting motion to dismiss because plaintiff failed to allege that the defendant had any authority over or involvement in the alleged misstatements).

Dated:  November 1, 2021

EDMUNDSON SHELTON WEISS PLLC

*/s/ Jesse Z. Weiss*
Jesse Z. Weiss
Tex. Bar No. 24013728
317 Grace Lane
Suite 210
Austin, TX 78746
Tel: (512) 596-3058
jesse@eswpllc.com

Sameer Advani (admitted pro hac vice)
Wesley R. Powell (admitted pro hac vice)
Patricia O. Haynes (admitted pro hac vice)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8587
sadvani@willkie.com
wpowell@willkie.com
phaynes@willkie.com

*Counsel for Silver Lake Group L.L.C. and Silver Lake Technology Management, L.L.C.*

## CERTIFICATE OF SERVICE

I certify that on November 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jesse Z. Weiss*
Jesse Z. Weiss