# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | Case No. 1:21-cv-00138-RP<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**LEAD PLAINTIFF'S MOTION FOR CLARIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(A)**

Lead Plaintiff New York City District Council of Carpenters Pension Fund ("Lead Plaintiff") respectfully submits this motion to request clarification of the Court's March 30, 2022 Order (ECF No. 64) (the "Order"). Specifically, Lead Plaintiff requests clarification as to the Court's ruling on Defendant Thompson's motion to dismiss the Complaint's control-person claim against him under Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). (*See* ECF No. 44 at 19).

By way of background, Defendant Thompson was the CEO of SolarWinds during the Class Period. Lead Plaintiff's Complaint asserted two, independent claims against Defendant Thompson: (1) a claim under Section 10(b) of the Exchange Act based on his own violations of the Exchange Act; and (2) a control-person claim under Section 20(a) of the Exchange Act based on Solar Winds' violations of the Exchange Act. (*See* ECF No. 26). Unlike for claims under Section 10(b), "[i]n the Fifth Circuit, plaintiffs need not allege [for claims under Section 20(a)] that the controlling person actually participated in the underlying primary violation to state a claim for control person liability." Order at 26. Rather, for Section 20(a) claims, a plaintiff need only allege "(1) a primary violation by a controlled person [here, Solar Winds]; and (2) direct or indirect control of the primary violator by the defendant." *Id*. at 25; *see also id*. at 26 ("Courts in the Fifth Circuit apply a 'relaxed' and 'lenient' pleading standard" to control-person claims.).

As the Court recognized in its Order, a defendant may be held liable under Section 20(a) as a "control person" without themselves also being found liable under Section 10(b). *See* Order at 24-26 (denying Defendant Thoma Bravo and Silver Lake's motion to dismiss Section 20(a) claims, without finding them liable under Section 10(b)). In fact, courts routinely deny motions to dismiss control-person claims against defendants under Section 20(a), without finding that they also are liable under Section 10(b). *See, e.g.*, *Ramirez v. Exxon Mobil Corp.*, 334 F. Supp. 3d 832,

1

856, 859 (N.D. Tex. 2018) (finding that plaintiffs failed to adequately plead scienter as to individual defendant and dismissing 10(b) claim against him, but finding that plaintiffs had adequately pled control-person 20(a) claim).

In the Order, the Court granted Defendant Thompson's motion to dismiss Lead Plaintiff's Section 10(b) claim against him (for a failure to adequately allege his scienter), but denied his motion to dismiss Lead Plaintiff's Section 20(a) claim.  Specifically, on Page 20 of the Order, under the heading "Section 20(a) of the Exchange Act," the Court found as follows:

> "The Court begins where Thompson ends—with the assertion that the complaint does not support a claim against him pursuant to Section 20(a) of the Exchange Act.... ***This argument may be quickly disposed of***.... Thompson's sole objection to control-person liability is that Plaintiffs have not sufficiently plead their claims under Section 10(b) and Rule 10b-5 thereunder, but the Court has already found that Plaintiffs have done so.  *See supra* Part III(A).  ***Therefore, this basis for dismissing the complaint's claims against Thompson is denied***."

Order at 20 (emphasis added).

As the Court recognized in its Order, Defendant Thompson made only one argument in its motion to dismiss Lead Plaintiff's Section 20(a) claim, which is reproduced in its entirety below:

> Claims for control-person liability under Section 20(a) are "secondary only and cannot exist in the absence of a primary violation." *Flotek Indus., Inc.,* 915 F.3d at 986 (quoting *Southland,* 365 F. 3d at 383). Where Plaintiff fails to plead a cognizable underlying claim for an Exchange Act violation by a *controlled* person, Plaintiff cannot plead an independent claim under Section 20(a) against the allegedly *controlling* person. *See id.* ("Because Plaintiffs have not established a primary violation, their Section 20(a) claims fail."). For all of the reasons outlined herein and in the SolarWinds Motion to Dismiss, Plaintiff failed to plead any primary violation. The claim under Section 20(a) of the Exchange Act must therefore be dismissed.

(ECF No. 44 at 19).  As noted above, the Court rejected Defendant Thompson's argument and, accordingly, denied his motion to dismiss the Complaint's claim under Section 20(a) of the Exchange Act.

2

Lead Plaintiff's understanding of the Court's Order is further supported by the fact that the Court provided Lead Plaintiff with leave to amend the Complaint only as to "allegations of scienter against Thompson." *See* Order at 27. Scienter *is* an element of a Section 10(b) claim, but is **not** an element of a Section 20(a) control person claim. *See Trendsetter Inv'rs, LLC v. Hyperdynamics Corp.*, 2007 WL 172627, at *15 (S.D. Tex. Jan. 18, 2007) ("Neither the PSLRA (because scienter is not an essential element), nor Rule 9(b) (because fraud is not an essential element), apply to a Section 20(a) claim.").

Notwithstanding the above, counsel for Defendant Thompson has stated to counsel for Lead Plaintiff that he will not participate in the parties' upcoming Rule 26(f) conference (scheduled for later this month) because, according to his interpretation of the Order, the Court dismissed **both** Lead Plaintiff's Section 10(b) **and** Section 20(a) claims. In making this argument, Thompson's counsel relies on the concluding sentence in the Order stating that "Thompson's motion to dismiss, (Dkt. 44), is GRANTED." *See* Order at 27. Lead Plaintiff respectfully submits that counsel for Defendant Thompson is ignoring the Court's discussion on Page 20 of the Order denying Defendant Thompson's motion to dismiss the Section 20(a) claim, and taking the final sentence of the Order in isolation and out of context. When the Order is read in its entirety, as it must be, the Court's clear intention—as reflected on Page 20 of the Order—was to grant Defendant Thompson's motion to dismiss the Section 10(b) claim, but to deny his motion to dismiss the Section 20(a) control-person claim.

Federal Rule of Civil Procedure 60(a) governs clarification of an order. "Rule 60(a) may be used where the record makes apparent that the court intended one thing but … did another." *Baeza v. Verizon Wireless Tex., LLC*, 2021 WL 1177887, at *1-2 (W.D. Tex. March 29, 2021) (internal quotations and citation omitted) (clarifying that where order stated that a motion was

3

"GRANTED IN PART" as to a claim of interference, but the court's analysis "manifest[ed] a clear intent to deny summary judgment" on the interference claim, the court did, in fact, deny the motion as to that claim). "In such instances the judgment can be corrected to speak the truth." *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986).[1]

As noted, Defendant Thompson's counsel is unwilling to participate in the Parties' upcoming Rule 26(f) conference based on his contention that the Court dismissed **both** the Section 10(b) and Section 20(a) claims. Accordingly, Lead Plaintiff respectfully requests that the Court eliminate any doubt that, as stated in Page 20 of the Order, it denied Defendant Thompson's motion to dismiss the claim against him under Section 20(a) of the Exchange Act.

DATED: April 8, 2022

| | |
|---|---|
| **MARTIN & DROUGHT, P.C.** | **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** |
| Gerald T. Drought | |
| State Bar No. 06134800 | |
| Federal Bar No. 8942 | */s/ Jonathan D. Uslaner* |
| Frank B. Burney | John J. Rizio-Hamilton (admitted *pro hac vice*) |
| State Bar No. 03438100 | Jonathan D. Uslaner (admitted *pro hac vice*) |
| Weston Centre | Benjamin W. Horowitz (admitted *pro hac vice*) |
| 112 E. Pecan Street, Suite 1616 | Thomas Z. Sperber (admitted *pro hac vice*) |
| San Antonio, Texas 78205 | 1251 Avenue of the Americas |
| Tel: (210) 227-7591 | New York, New York 10020 |
| Fax: (210) 227-7924 | Telephone: (212) 554-1400 |
| gdrought@mdtlaw.com | Facsimile: (212) 554-1444 |
| | Johnr@blbglaw.com |
| | JonathanU@blbglaw.com |
| *Liaison Counsel for Lead Plaintiff New York City District Council of Carpenters Pension Fund* | Benjamin.Horowitz@blbglaw.com |
| | Thomas.Sperber@blbglaw.com |
| | |
| | *Lead Counsel for Lead Plaintiff New York City District Council of Carpenters Pension Fund and the Class* |

---

[1] The Court could alternatively grant Lead Plaintiff's motion under Rules 59(e) (governing a "motion to alter or amend a judgment") or 60(b) (providing that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding").

## CERTIFICATE OF CONFERENCE

On April 8, 2022, the undersigned counsel conferred with counsel for Defendants concerning the relief sought in this Motion, and was advised that Defendants opposed this Motion.

>                               */s/ Jonathan D. Uslaner*
>                               Jonathan D. Uslaner (admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that, on April 8, 2022, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

>                               */s/ Jonathan D. Uslaner*
>                               Jonathan D. Uslaner (admitted *pro hac vice*)