IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | § § § § § § § § | MASTER FILE NO. 1:21-CV-138-RP |

# KEVIN B. THOMPSON'S OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR CLARIFICATION AND CROSS-MOTION AND INCORPORATED MEMORANDUM <u>FOR ENTRY OF FINAL JUDGMENT</u>

Paul R. Bessette
Texas Bar No. 02263050
Michael J. Biles
Texas Bar No. 24008578
KING & SPALDING LLP
500 W. 2nd Street, Suite 1800
Austin, TX  78701
Tel:  (512) 457-2050
Fax:  (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com

Peter L. Welsh (*pro hac vice*)
C. Thomas Brown (*pro hac vice*)
Kathryn E. Caldwell (*pro hac vice*)
Patrick T. Roath (*pro hac vice*)
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7865
peter.welsh@ropesgray.com

Edward R. McNicholas (*pro hac vice*)
Frances Faircloth (*pro hac vice*)
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Tel: (202) 508-4779
edward.mcnicholas@ropesgray.com

*Counsel for Kevin B. Thompson*

Kevin Thompson, SolarWinds' former chief executive officer and formerly a named defendant in the above-captioned action (the "Action"), submits this Opposition to Lead Plaintiff's Motion For Clarification and Cross-Motion For Entry of Final Judgment, pursuant to Fed. R. Civ. P. 58(d). As explained below, Thompson opposes Lead Plaintiff's attempt to re-implead him in this Action through its Motion.

## ARGUMENT

On March 30, 2022, this Court ruled on motions to dismiss filed by various defendants in this Action. Dkt. 64 (the "Order"). The Court dismissed all claims against Thompson, holding that the Complaint failed to plead adequately the element of scienter under Section 10(b) as to Thompson but granting Plaintiff leave to amend to address that defect. *Id.* at 24. Specifically, the Court ruled:

> Because the other allegations of scienter against Thompson are lacking—unlike the allegations against Brown—the Court finds Plaintiffs' assertions that Thompson must have known about Thornton-Trump's presentation do not weigh heavily in favor of a strong inference of scienter. For the foregoing reasons, the Court finds that Plaintiffs have failed to effectively plead scienter as to Thompson and thus the Court must grant Thompson's motion to dismiss.

*Id.* at 24. The docket entry accompanying the Order stated: "ORDER GRANTING Thompson's [44] Motion to Dismiss but should Plaintiffs wish to amend their complaint against Thompson, they shall file their amended complaint on or before April 18, 2022." Dkt. 64.

On April 5, 2022, counsel to Lead Plaintiff filed a notice informing this Court that they did not intend to file an amended complaint alleging new claims against Thompson. Dkt. 65 (the "Notice"). The Court's clerk accordingly struck Thompson from the docket sheet as a party as of March 30, 2022.

In the memorandum accompanying his motion to dismiss (Dkt. 44), Thompson respectfully requested that this Court "dismiss *all claims* against him with prejudice." Thompson MTD at 2

(emphasis added). By "GRANTING" the Thompson MTD, without any stated limitation or qualification, the effect of the Court's Order was to grant that precise relief, albeit with leave to amend, as is customarily granted. The Court held that the Lead Plaintiff had failed adequately to plead the element of scienter for a primary violation of Section 10(b) and granted Thompson's motion to dismiss "all claims" stated against him. Thompson MTD at 2.

Despite the fact that the Court's ordering language included no limitation or qualification on the granting of Mr. Thompson's motion to dismiss—subject, of course, to the right to replead—Plaintiffs attempted to use their Notice to keep Mr. Thompson in the case, but without having to file a new complaint against him. Specifically, the Notice asserted that the Section 20(a) claim against Mr. Thompson remained active, without explaining how that might possibly square with the unambiguous ordering language granting Mr. Thompson's Motion to Dismiss—which requested dismissal of "all claims," *id.*—without limitation or qualification, excepting the right to replead.

Counsel to Mr. Thompson wrote to Plaintiffs noting the issue and objecting to Plaintiffs' attempt to use the Notice as a back-door to re-impleading Mr. Thompson, as well as the Notice's silence on the challenge the ordering language posed to their assertion that Mr. Thompson remained a defendant. After an email exchange and a meet-and-confer, on April 8, 2022, Lead Plaintiff filed a "Motion for Clarification Pursuant to Rule 60(a)" (the "Motion"), seeking a ruling from this Court that the Court "denied Defendant Thompson's motion to dismiss the claim against him under Section 20(a) of the Exchange Act." Motion at 4. Noting that the Court had rejected Thompson's arguments for why Plaintiff had not stated a Section 20(a) claim, Lead Plaintiff argues that because "a defendant may be held liable under Section 20(a) as a 'control person' without

2

themselves also being found liable under Section 10(b)," the Complaint's Section 20(a) claim remains pending as to Thompson. *Id.* at 1.

The Court should deny the Motion because the relief sought by Lead Plaintiff is at odds with the Order. Moreover, while the Court plainly acknowledged that Plaintiff could potentially plead a Section 20(a) control person claim against Thompson, granting in full Thompson's Motion to Dismiss as to all claims against him still makes good sense, given the grant of a right to replead. If Lead Plaintiff had elected to replead rather than waiving that right, having a single complaint setting forth all allegations against Mr. Thompson would be the clearest and most efficient way for him to be brought back into the case. The Court's Order thus promotes efficiency and clarity in any amended pleading that Plaintiff might have brought – but has declined to bring – asserting claims against Thompson.

Lead Plaintiff's decision not to file an amended complaint addressing the defects in the claims brought against Thompson further supports dismissal of Thompson. The Motion filed by Lead Plaintiff does not seek "clarification" of the Order; rather, it is seeking an entirely new judgment from this Court that is inconsistent with its March 30 decision "GRANTING" a motion which sought dismissal of all pending counts against a named party. Rather than follow the Court's Order and file an amended complaint against Thompson, Plaintiff chose to burden the Court with this unmeritorious Motion. The Motion should be denied.

Moreover, the Motion is procedurally improper. Rule 60(a) is for addressing clerical errors, and may not be invoked "to affect the substantial rights of the parties." *Baeza v. Verizon Wireless Texas, LLC*, No. EP-18-CV-301-DB, 2021 WL 1177887, at *1 (W.D. Tex. Mar. 29, 2021). Adding a defendant back to a civil lawsuit after the defendant had been dismissed *per se* has an effect on a party's substantial rights.

3

Having declined to amend his pleading as provided in the Order, separate and final judgment pursuant to Federal Rule of Civil Procedure 58(d) should be entered in favor of Thompson. *See Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 368 (5th Cir. 2002) ("Rule 58 provides in pertinent part that 'every judgment shall be set forth on a separate document' and that '[a] judgment is effective only when so set forth.'" (quoting Fed. R. Civ. P. 58)). Accordingly, Thompson seeks a separate judgment from this Court clarifying that the Court's March 30, 2022, docket entry and accompanying order "GRANTING" Thompson's Motion to Dismiss, *see* Dkt. 44 (the "Thompson MTD"), in fact dismissed the claims against Thompson. A proposed order granting this Opposition and Cross-Motion is attached as Exhibit A.

## **CONCLUSION**

For the foregoing reasons, Thompson respectfully requests that the Court deny the Motion and grant Thompson's Cross-Motion For Entry of Final Judgment.

Dated: April 20, 2022

|  |  |
|---|---|
| Paul R. Bessette<br>Texas Bar No. 02263050<br>Michael J. Biles<br>Texas Bar No. 24008578<br>KING & SPALDING LLP<br>500 W. 2nd Street, Suite 1800<br>Austin, TX  78701<br>Tel:  (512) 457-2050<br>Fax:  (512) 457-2100<br>pbessette@kslaw.com<br>mbiles@kslaw.com | */ s/ Peter L. Welsh*<br>Peter L. Welsh (*pro hac vice*)<br>C. Thomas Brown (*pro hac vice*)<br>Kathryn E. Caldwell (*pro hac vice*)<br>Patrick T. Roath (*pro hac vice*)<br>ROPES & GRAY LLP<br>Prudential Tower, 800 Boylston Street<br>Boston, MA 02199-3600<br>Tel: (617) 951-7865<br>peter.welsh@ropesgray.com<br><br>Edward R. McNicholas (*pro hac vice*)<br>Frances Faircloth (*pro hac vice*)<br>ROPES & GRAY LLP<br>2099 Pennsylvania Avenue, N.W.<br>Washington, DC 20006-6807<br>Tel: (202) 508-4779<br>edward.mcnicholas@ropesgray.com<br><br>*Counsel for Kevin B. Thompson* |

## CERTIFICATE OF SERVICE

    I certify that on April 20, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

                                        */s/ Peter L. Welsh*
                                        Peter L. Welsh