**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | Case No. 1:21-cv-00138-RP <br><br> CLASS ACTION <br><br> JURY TRIAL DEMANDED |

**LEAD PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION AND OPPOSITION TO DEFENDANT THOMPSON'S CROSS-MOTION FOR ENTRY OF FINAL JUDGMENT**

Lead Plaintiff New York City District Council of Carpenters Pension Fund ("Lead Plaintiff") respectfully submits this reply brief in further support of its motion requesting clarification of the Court's March 30, 2022 Order ("Motion") and in opposition to Defendant Thompson's request for entry of judgment. As explained in the Motion, Lead Plaintiff requests clarification of the Order because Defendant Thompson has refused—and continues to refuse—to participate in the Parties' Rule 26(f) conference and this litigation based on a misreading of the Court's Order. As set forth on Page 20 of the Order, the Court sustained the Complaint's Section 20(a) control-person claim against Defendant Thompson, dismissing only the Section 10(b) claim brought against him. Nothing in Defendant Thompson's opposition to the Motion casts doubt on the Court's reasoning or supports entry of final judgment in his favor.

Tellingly, Defendant Thompson's brief seeking entry of judgment nowhere even mentions or addresses the Court's analysis and holding on Page 20 of the Order. Under the heading "Section 20(a) of the Exchange Act," the Court held in unambiguous language:

> The Court begins where Thompson ends—with the assertion that the complaint does not support a claim against him pursuant to Section 20(a) of the Exchange Act.... ***This argument may be quickly disposed of***.... Thompson's sole objection to control-person liability is that Plaintiffs have not sufficiently plead their claims under Section 10(b) and Rule 10b-5 thereunder, but the Court has already found that Plaintiffs have done so. *See supra* Part III(A). ***Therefore, this basis for dismissing the complaint's claims against Thompson is denied***.

(ECF No. 64 at 20) (emphasis added).

Defendant Thompson's brief simply ignores that the Court expressly rejected the one and only argument that he made in his motion to dismiss the Section 20(a) control-person claim asserted against him. As explained in the Motion, Defendant Thompson (erroneously) asserted in his motion to dismiss that the Court should dismiss the Section 20(a) claim because Lead Plaintiff purportedly failed to plead a Section 10(b) claim against SolarWinds. The Court sustained Lead

1

Plaintiff's Section 10(b) claim against SolarWinds and, accordingly, sustained the Section 20(a) claim against Defendant Thompson. *See* Order at 20.

Defendant Thompson also does not assert in his brief—nor could he—that the Court erred at Page 20 of the Order in denying his motion to dismiss the Section 20(a) claim. Claims under Section 10(b) and 20(a) are entirely separate and independent. Mot. at 1-2. Section 20(a) claims, unlike claims under Section 10(b), do not require that plaintiffs plead or prove scienter of the control person. *See id.* at 3 (citing *Trendsetter Invs., LLC v. Hyperdynamics Corp.*, 2007 WL 172627, at *15 (S.D. Tex. Jan. 18, 2007)). As the Court explained, "[a] plaintiff is not required to plead facts showing that the defendant acted in bad faith [for Section 20(a) claims]. In the Fifth Circuit, plaintiffs need not allege that the controlling person actually participated in the underlying primary violation to state a claim for control person liability." Order at 26; *see also id.* ("Courts in the Fifth Circuit apply a 'relaxed' and 'lenient' pleading standard" for control-person claims.). Consistent with these settled principles, courts routinely deny defendant-executives' motions to dismiss Section 20(a) control-person claims, notwithstanding the dismissal of a Section 10(b) claim also asserted against them for failure to adequately plead their scienter. *See* Motion at 1-2 (citing *e.g.*, *Ramirez v. Exxon Mobil Corp.*, 334 F. Supp. 3d 832, 856, 859 (N.D. Tex. 2018)). Defendant Thompson's brief tellingly does not cite a single case to the contrary or otherwise challenging the Court's analysis on Page 20 of the Order denying his motion to dismiss the Section 20(a) claim.

Rather than grapple with the Court's holding at Page 20 of the Order or the applicable law, Defendant Thompson instead resorts to a baseless accusation that Lead Plaintiff is seeking "a back-door to re-impleading Mr. Thompson." Opp. at 2. That is not the case. Lead Plaintiff simply seeks enforcement of the Court's Order denying Defendant Thompson's motion to dismiss the

Section 20(a) claim, but granting his motion to dismiss the Section 10(b) claim. There is no legitimate reason to believe that the Court did not mean what it said on Page 20 of the Order when it denied Defendant Thompson's motion to dismiss Section 20(a) claim. At most, there is an ambiguity in the "ordering language," which is precisely the purpose of a motion for clarification.

Defendant Thompson's final contention that the motion is "procedurally improper" is also wrong. As explained in Lead Plaintiff's motion, "Rule 60(a) may be used where the record makes apparent that the court intended one thing but … did another." *Baeza v. Verizon Wireless Tex., LLC*, 2021 WL 1177887, at *1-2 (W.D. Tex. Mar. 29, 2021). In accordance with Rule 60(a), Lead Plaintiff requests that the Court clarify that the Order at Page 20 reflects the Court's intention to deny Defendant Thompson's motion to dismiss Lead Plaintiff's 20(a) claim. *See id.* ("When read in its entirety, the Court's intention to deny Ms. Baeza's Motion for Partial Summary Judgment [] in its entirety is apparent. However, the Court's Opinion contained statements which contradict that intention. Since those statements do not reflect the intention of the Court, they can and will be corrected under Rule 60(a).").

In sum, because the Section 20(a) control-person claim against Defendant Thompson survived dismissal, Lead Plaintiff respectfully submits that the Court should not enter final judgment in his favor. And because Defendant Thompson misreads the Order's holding, Lead Plaintiff respectfully requests that the Court clarify that it intended, as stated on Page 20 of the Order, to grant Defendant Thompson's motion to dismiss the Section 10(b) claim, but deny his motion to dismiss the control-person claim under Section 20(a).

DATED: April 22, 2022

**MARTIN & DROUGHT, P.C.**
Gerald T. Drought
State Bar No. 06134800
Federal Bar No. 8942
Frank B. Burney
State Bar No. 03438100
Weston Centre
112 E. Pecan Street, Suite 1616
San Antonio, Texas 78205
Tel: (210) 227-7591
Fax: (210) 227-7924
gdrought@mdtlaw.com

*Liaison Counsel for Lead Plaintiff New York City District Council of Carpenters Pension Fund*

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner* _
John J. Rizio-Hamilton (admitted *pro hac vice*)
Jonathan D. Uslaner (admitted *pro hac vice*)
Benjamin W. Horowitz (admitted *pro hac vice*)
Thomas Z. Sperber (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Johnr@blbglaw.com
JonathanU@blbglaw.com
Benjamin.Horowitz@blbglaw.com
Thomas.Sperber@blbglaw.com

*Lead Counsel for Lead Plaintiff New York City District Council of Carpenters Pension Fund and the Class*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2022, I electronically filed the above document with the Clerk of Court using CM/ECF, which will send electronic notification of such filings to all registered counsel.

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner
