IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | § § § § § § § § § MASTER FILE NO. 1:21-CV-138-RP |

**KEVIN B. THOMPSON'S REPLY IN FURTHER SUPPORT OF**
**HIS CROSS-MOTION FOR ENTRY OF FINAL JUDGMENT**

Kevin Thompson, SolarWinds' former chief executive officer and formerly a named defendant in the above-captioned Action,[1] submits this Reply in Further Support of his Cross Motion For Entry of Final Judgment (the "Thompson Cross Motion").

On April 22, 2022, Lead Plaintiff filed an opposition ("Opposition") to the Thompson Cross Motion. Dkt. 70. Nothing in the Opposition alters the straightforward and conventional procedural path that the Court outlined for Lead Plaintiff in granting Thompson's motion to dismiss. The Court ruled "that Plaintiffs have failed to effectively plead scienter as to Thompson and thus the Court must grant Thompson's motion to dismiss, (Dkt. 44), however, the Court will grant Plaintiffs leave to amend." Order at 24. Later in its Order, the Court again stated: "[T]he Court will allow Plaintiffs to re-plead their allegations of scienter against Thompson." *Id.* at 27.

Lead Plaintiff declined to follow the course identified by the Court for re-pleading Thompson as a named defendant in this Action. Plainly, Lead Plaintiff's attorneys made the tactical decision to forego filing an amended complaint in the hopes of proceeding rapidly into party discovery. Counsel to Lead Plaintiffs no doubt recognized that re-pleading a securities claim

---

[1] Capitalized terms not defined herein have the meaning assigned to them in Thompson's Cross-Motion for Final Judgment.

against Thompson would result in Thompson having the opportunity to move to dismiss whatever new allegations might be made, and that filing a new complaint would trigger the PLSRA discovery stay during the pendency of that motion. *See* 15 U.S.C. § 78u–4(a)(3)(B). That reasonable tactical litigation decision has consequences: Thompson is no longer a party to the Action, and plaintiffs knowingly and intentionally chose to let the deadline for amending the complaint against him pass.

Rather than filing a complaint that stated with particularity the basis for any claim against Thompson personally despite the Order granting his motion to dismiss, Lead Plaintiff attempted to reassert Thompson's presence in the case through the brief notice filed on April 5, 2022 informing the Court that Lead Plaintiff did not intend to file an amended complaint, as the Court had permitted him to do if he elected to do so. Dkt. 65. That Notice, as discussed in Thompson's Opposition and Cross Motion, asserted that the Section 20(a) claim against Thompson remained active, without explaining how that could be consistent with an order granting a motion that asked the Court to dismiss "all claims" against Thompson.

This attempt to re-introduce Thompson as a named defendant through the back door of a notice letter, without having to actually filed an amended complaint as the Order had contemplated, denies Thompson his due process right to a clear statement of the nature of the claims leveled against him. It is also inconsistent with the procedural requirement that a litigant file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action").

Accordingly, the Court should hold Lead Plaintiff to his decision not to amend the complaint and confirm that the plain terms of the Order mean what they say: that all of the claims pending against Thompson have been dismissed. For these reasons, Thompson respectfully requests that the Court grant the Thompson Cross Motion.

Dated:        April 25, 2022

| | |
|---|---|
| Paul R. Bessette<br>Texas Bar No. 02263050<br>Michael J. Biles<br>Texas Bar No. 24008578<br>KING & SPALDING LLP<br>500 W. 2nd Street, Suite 1800<br>Austin, TX 78701<br>Tel: (512) 457-2050<br>Fax: (512) 457-2100<br>pbessette@kslaw.com<br>mbiles@kslaw.com | */s/ Peter L. Welsh*<br>Peter L. Welsh (*pro hac vice*)<br>C. Thomas Brown (*pro hac vice*)<br>Patrick T. Roath (*pro hac vice*)<br>ROPES & GRAY LLP<br>Prudential Tower, 800 Boylston Street<br>Boston, MA 02199-3600<br>Tel: (617) 951-7865<br>peter.welsh@ropesgray.com<br><br>Edward R. McNicholas (*pro hac vice*)<br>Frances Faircloth (*pro hac vice*)<br>ROPES & GRAY LLP<br>2099 Pennsylvania Avenue, N.W.<br>Washington, DC 20006-6807<br>Tel: (202) 508-4779<br>edward.mcnicholas@ropesgray.com<br><br>*Counsel for Kevin B. Thompson* |

## CERTIFICATE OF SERVICE

    I certify that on April 25, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

                                            */s/ Peter L. Welsh*
                                            Peter L. Welsh