IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| IN RE SOLARWINDS CORPORATION | § | |
| SECURITIES LITIGATION | § | MASTER FILE NO. 1:21-CV-138-RP |
| | § | |
| | § | |
| | § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order") governing disclosure and use by the parties of all documents and information, regardless of the medium or manner in which generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admissions, tangible things, and informal exchanges of information), that are produced or generated in connection with any discovery in the above-captioned action (the "Action"), whether formally or informally (hereinafter, "Discovery Material"). After careful consideration, it is hereby ORDERED as follows:

### 1. Classified Information

"Classified Information" means any Discovery Material that is designated as "Confidential" or "Attorneys Eyes Only" by any of the supplying persons (each a "Disclosing Person") or receiving persons (each a "Receiving Person"). Nothing in this Protective Order limits any Disclosing Person's use or disclosure of Discovery Material produced or supplied by that Disclosing Person that has been designated as Classified Information under this Protective Order.

### 2. Qualified Persons

"Qualified Persons" means:

a.     For Counsel or Attorneys Only information:

1

    i.      retained counsel for the parties to this litigation and their respective staff;

    ii.     actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person);

    iii.    this court and its staff and any other tribunal, dispute resolution officer, or mediator duly appointed or assigned in connection with this litigation.

    iv.    any insurer who may be liable to satisfy part or all of any judgment that may be entered in this Action, or to indemnify or reimburse for payments made to satisfy a judgment.

b.    For Confidential information:

    i.      the persons identified in subparagraph 2(a);

    ii.     the party, if a natural person;

    iii.    if the party is an entity, such current and former officers or employees of the party who are involved in the prosecution or defense of this Action and their counsel who, prior to any disclosure of Confidential information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv.    litigation vendors, court reporters, and other litigation support personnel;

    v.     any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.    Such other person as this court may designate after notice and an opportunity to be heard.

**3.** **Designation Criteria**

a. *Nonclassified Information.* Classified Information shall not include information that either:

i. is in the public domain at the time of disclosure, as evidenced by a written document;

ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b. *Classified Information.* A party shall designate as Classified Information only such Discovery Material that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Discovery Material that may be designated as Classified Information includes, but is not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that isprotected by law, and other sensitive information that, if not restricted as set forth in this Protective Order, may subject the producing or disclosing person to competitive, business, or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

3

c.      *Attorneys Eyes Only*. The designation "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party.  For purposes of this Protective Order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, certain study methodologies and non-public government subpoenas, document requests, and communications with government authorities that may be produced in this Action.

d.      *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

**4.      Use of Classified Information**

All Discovery Material provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

**5.      Marking of Documents**

Documents provided in this litigation may be designated by the Disclosing Person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

**6.      Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent  experts retained by counsel for the purpose of this litigation, or (b) the deposition of a non-party may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys Eyes Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Attorneys Eyes Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered  pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**7.      Disclosure to Qualified Persons**

a.      *To Whom.* Classified Information shall not be disclosed or made available by the Receiving Person to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the Receiving Person will so notify the

5

Disclosing Person as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as Attorneys Eyes Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.      *Retention of Copies During this Litigation.* Copies of Attorneys Eyes Only information shall be maintained only in the offices of outside counsel for the  Receiving Person and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any Discovery Material produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made.  Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

**8.      Unintentional Disclosures**

Discovery Material unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the Receiving Person.

If a Receiving Person learns of any unauthorized disclosure of Confidential information or Attorneys Eyes Only information, the party shall immediately upon learning of such disclosure inform the Disclosing Person of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9.      Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as Attorneys Eyes Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential" or "Attorneys Eyes

Only" by the producing party.

**10.      Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the Discovery Material as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure.  Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the Discovery Material as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**11.      Challenging the Designation**

a.      *Classified Information.*   A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and  a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the Discovery Material as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed Discovery Material. The disputed Discovery Material shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order as provided herein shall constitute a termination of the status of such item as Classified Information.

b.      *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular  Classified Information

to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

**12.    Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

**13.    Filing Under Seal**

The provisions of Local Rule CV 5.2 shall govern the filing of documents under seal in this action.

**14.    Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the Disclosing Person or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may

8

retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 15.    Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the Disclosing Person or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 16.    Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 17.    Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

### 18.    Waiver

a.    Pursuant to Rule 502(d) of the Federal Rules of Evidence, if, in connection with this

9

litigation, a Disclosing Person inadvertently discloses Disclosed Privileged Material,[1] the disclosure of the Disclosed Privileged Material without more shall not constitute or be deemed, either in this Action or any other action, investigation or proceeding, a waiver or forfeiture of any claim of any privilege or protection, including without limitation the attorney-client privilege, the work product doctrine or the deliberative process privilege, that the Disclosing Person would otherwise be entitled to assert with respect to the Disclosed Privileged Material and its subject matter.  Any inadvertent disclosure shall also not be deemed without more a waiver or forfeiture as to any other document or communication, whether concerning the same subject matter or a different subject matter.  The Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of an inadvertent disclosure without more in this Action, regardless of the procedures used to identify Privileged Material prior to production.  The provisions in Rule 502(b) will not apply to the disclosure of Discovery Material in this litigation.

      d.     <u>Notice of Disclosed Privileged Material</u>.  If a Disclosing Person determines that it has produced Disclosed Privileged Material, the Disclosing Person shall, within twenty-one (21) calendar days of making such determination, provide written notice to all counsel of record and identifying the Disclosed Privileged Material (by date of production and production number or range, if applicable) ("Disclosure Notice").

      e.     Any party or non-party that receives a Disclosure Notice must: (a) immediately cease reviewing and using the Disclosed Privileged Material; and (b) within fourteen (14) calendar days of receipt of the Disclosure Notice: (i) return, sequester, or destroy all copies of the Disclosed Privileged Material; (ii) upon request of the Disclosing Person, provide to the Disclosing Person a

---

[1] As used herein, "Disclosed Privileged Material" means all Discovery Material that a party or non-party discloses that it thereafter claims to be Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, or any other privilege or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence, or any state law analog thereof, including any such privilege or protection under applicable U.S. or foreign law, regulation or statute ("Privileged Material").

certification of counsel that all of the Disclosed Privileged Material has been returned, sequestered or destroyed; and (iii) notify any party or non-party to whom the Receiving Person has provided the Disclosed Privileged Material that he, she, or it must comply with the obligations set forth in this Section, including, upon request of the Disclosing Person, to provide to the Disclosing Person a certification of counsel that all of the Disclosed Privileged Material has been returned, sequestered or destroyed.[2]

  f. Nothing in this Protective Order is intended to create an obligation for a party to conduct a privilege review of another party's Discovery Material.  However, if a party identifies Discovery Material that appears on its face to be Disclosed Privileged Material belonging to another party or Non-Party, the identifying party is under a good-faith obligation to notify that other party or non-party.  Such notification shall not waive the identifying party's ability to subsequently contest any assertion of privilege or protection with respect to the identified Discovery Material.  If the party or non-party to which the Disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that party or non-party shall provide a Disclosure Notice within fourteen (14) calendar days of receiving such notification.  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the Disclosing Person that such Privileged Material has been produced.

  g. <u>Contesting a Claim of Privilege or Protection</u>. A party wishing to contest a claim of privilege or protection asserted under this Order (the "Contesting Party") shall, within fourteen (14) calendar days of receipt of the Disclosure Notice, provide written notice to the Disclosing Person that it intends to challenge the claim of privilege or protection asserted (the "Contestation Notice").

---

[2] Copies of Disclosed Privileged Material that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored.  If such data is restored, the receiving party must take steps to re-sequester the restored Disclosed Privileged Material.

The Parties shall attempt to resolve each contestation in good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient).  A Contesting Party may proceed to the next stage of the contestation process only if he, she or it has engaged in this meet-and-confer process in a timely manner.

h.     If the relevant parties or non-parties cannot resolve a contestation without court intervention, the Contesting Party may, within fourteen (14) calendar days of impasse, move the Court for an order withdrawing the designation as to the specific claims on which the Contesting Party and the Disclosing Person could not agree ("Contestation Motion").  Such Contestation Motion must be filed under seal in accordance with the local rules.  The Contesting Party must not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure of the Discovery Material in this litigation.

i.     The Disclosing Person retains the burden, upon contestation, of establishing the applicability of the claimed privilege or protection and bears the burden of making the Disclosed Privileged Material available to the Court for in camera review.

j.     While a Contestation Motion is pending, all parties and non-parties shall continue to follow the procedures described herein, and no party or non-party shall use the Disclosed Privileged Material for any other purpose nor disclose it to any person other than those required by law to be served with a copy of the sealed motion.  In connection with a Contestation Motion, the Parties shall submit for an *in camera* review a copy of Disclosed Privileged Material.  Privileged Material may not be filed in the public record in this litigation.

k.     Depositions.  If, during a deposition, a party or non-party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains its Privileged Material, that party or non-party may at his, her or its sole election (a) allow the document to be used during the deposition without waiver of his, her or its claim of privilege or protection; or (b) instruct the witness not to answer questions concerning the

12

parts of the document containing Privileged Material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material. If the party or non-party allows the examination concerning the document to proceed on a non-waiver basis, the parties and any non-parties shall sequester all copies of the purportedly privileged or protected document. Immediately following the deposition, the parties and any non-parties will commence the procedure, including the notice and log requirements, outlined in Subsections d through j hereof (as applicable), to address the claim of privilege or other protection and any related disputes. Until any such disputes are resolved, all parties and non-parties who have access to the transcript of such deposition shall treat the relevant portion of the transcript as Privileged Material. If any party or non-party instructs the witness not to answer questions concerning the document on grounds of privilege, the parties will cooperate in promptly following the procedures outlined in Subsections d through j hereof (as applicable). If the document is ultimately determined not to be privileged or subject to protection, the party or non-party asserting the claim of privilege or protection will be responsible for ensuring that the deposing party is given an opportunity to depose the witness about the Discovery Material, which in the case of party-witnesses (or their current employees) or any former employees of a party who are represented by counsel for such party shall be within thirty (30) calendar days of said determination, and in the case of other non-party witnesses shall be at the earliest practicable time for the witness and his, her or its counsel.

l.      The parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Order.

m.      This Protective Order does not preclude a party from voluntarily waiving any claims of privilege or protection. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a party uses privileged or protected information to support a claim or defense.

.

19.     **Modification and Exceptions**

13

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this       day of                  , 20     .

_____

UNITED STATES DISTRICT JUDGE

Dated: May 19, 2022

Respectfully submitted,

**AGREED:**

/s/ Michael J. Biles
Paul R. Bessette
Texas Bar No. 02263050
Michael J. Biles
Texas Bar No. 24008578
KING & SPALDING LLP
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Tel: (512) 457-2050
Fax: (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com

*Counsel for SolarWinds Corporation
and Tim Brown*


/s/ Jesse Z. Weiss
Jesse Z. Weiss
Tex. Bar No. 24013728
EDMUNDSON SHELTON WEISS PLLC
317 Grace Lane
Suite 210
Austin, TX 78746
Tel: (512) 596-3058
jesse@eswpllc.com

*and*

Sameer Advani (admitted *pro hac vice*)
Wesley R. Powell (admitted *pro hac vice*)
Patricia O. Haynes (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8587
sadvani@willkie.com
wpowell@willkie.com
phaynes@willkie.com

*Counsel for Silver Lake Group L.L.C. and Silver Lake
Technology Management, L.L.C.*

/s/ Jonathan D. Uslaner
John J. Rizio-Hamilton (admitted *pro hac vice*)
Jonathan D. Uslaner (admitted *pro hac vice*)
Benjamin W. Horowitz (admitted *pro hac vice*)
Thomas Z. Sperber (admitted *pro hac vice*)
BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Johnr@blbglaw.com
JonathanU@blbglaw.com
Will.Horowitz@blbglaw.com
Thomas.Sperber@blbglaw.com

*Lead Counsel for Lead Plaintiff New York City District
Council of Carpenters Pension Fund and the Class*


Gerald T. Drought
State Bar No. 06134800
Federal Bar No. 8942
Frank B. Burney
State Bar No. 03438100
MARTIN & DROUGHT, P.C.
Weston Centre
112 E. Pecan Street, Suite 1616
San Antonio, Texas 78205
Tel: (210) 227-7591
Fax: (210) 227-7924
gdrought@mdtlaw.com

*Liaison Counsel for Lead Plaintiff New York City
District Council of Carpenters Pension Fund*

15

*/s/ Anna G. Rotman*

Anna G. Rotman
Texas Bar No. 24046761
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 835-3600
Facsimile: (713) 835-3601
anna.rotman@kirkland.com

*and*

Sandra C. Goldstein (*pro hac vice*)
Stefan Atkinson (*pro hac vice*)
Byron Pacheco (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com
byron.pacheco@kirkland.com

*Attorneys for Defendant Thoma Bravo, LP*

16

## CERTIFICATE OF SERVICE

I hereby certify that, on May 19, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.


*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (admitted pro hac vice)