IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| | § | |
| | § | |
| | § | |
| IN RE SOLARWINDS CORPORATION | § | MASTER FILE NO. 1:21-CV-138-RP |
| SECURITIES LITIGATION | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT KEVIN B. THOMPSON'S ANSWER TO LEAD PLAINTIFF'S
CONSOLIDATED COMPLAINT**

Defendant Kevin Thompson, by and through his undersigned counsel, hereby answers

Lead Plaintiff's ("Plaintiff") Consolidated Complaint for Violations of the Federal Securities Laws

("Complaint") (Dkt. No. 26) and asserts affirmative defenses as follows:

By answering the Complaint, Mr. Thompson does not concede that any of its allegations

are proper bases of liability or foundations for discovery. To the extent that the allegations in the

Complaint concern knowledge or conduct of persons or entities other than Mr. Thompson,

including other Defendants, Mr. Thompson lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations, and responds solely with respect to his own

knowledge and conduct. Mr. Thompson denies all allegations that are not expressly admitted as

set forth below.[1] Mr. Thompson reserves the right to seek to amend or supplement his Answer as

may be necessary and appropriate. Mr. Thompson's responses are made without waiving, and

_____

[1] Mr. Thompson also denies all titles, headings, footnotes, subheadings, and any other material not contained in a numbered paragraph, including the paragraph immediately preceding the first numbered paragraph. When a document (or statements, conclusions, or other material references therefore) is referenced in this Answer, it speaks for itself. That is, when Mr. Thompson responds to an allegation by stating that he refers to a document, that document itself is the best evidence of its contents, and Mr. Thompson denies any allegations or characterizations based on the document and does not affirm the veracity, contents or accuracy of the document or any information contained therein. Mr. Thompson reserves all rights regarding the existence, authenticity, accuracy, and admissibility of such documents.

expressly reserving, all rights he has to file dispositive motions addressed to the allegations and the remaining claim pending against him.

## Responses to Specific Allegations

### Introduction

1. Mr. Thompson admits that SolarWinds is a leading provider of information technology ("IT") management software, including products designed to do the complex work of monitoring and managing computer networks and other IT environments. Mr. Thompson admits that, during his term as SolarWinds chief executive officer ("CEO"), its customers included a majority of the Fortune 500 companies in the United States and a number of United States government entities, including the U.S. Pentagon, the U.S. State Department, the Office of the President of the United States, and the National Nuclear Security Administration, which maintain highly sensitive data. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning SolarWinds' customers after he stepped down as CEO at the end of 2020 and therefore denies those allegations. Mr. Thompson otherwise denies the allegations in this paragraph.

2. Mr. Thompson admits that SolarWinds was the target of a cyberattack that was publicly reported on December 13, 2020 (the "Cyberattack"). Mr. Thompson otherwise denies all allegations in this paragraph.

3. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the vague allegations in the last sentence of this paragraph and therefore denies those allegations. Mr. Thompson admits that a "Security Statement" describing aspects of certain of the Company's security policies and practices and contents of a

"Security Resource Center" appeared on the Company's website during some or all of the Class Period.  Mr. Thompson otherwise denies all allegations in this paragraph and refers to the Company's website (as it existed during the Class Period) for its contents and those of the Security Statement and Security Resource Center.

4.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, in the form and manner alleged, regarding Mr. Brown's public statements about cybersecurity matters during the Class Period and therefore denies those allegations.  Mr. Thompson refers to the Company's Class Period filings with the Securities and Exchange Commission ("SEC") for discussion of the number of customers served and revenues from government contracts.   Mr. Thompson otherwise denies all allegations in this paragraph.

5.     Mr. Thompson admits that the Company completed two public offerings of common stock and that certain Defendants sold SolarWinds common stock during the Class Period, as described in public SEC filings.  Mr. Thompson refers to those SEC filings for their contents and to publicly available data regarding historical trading prices for SolarWinds common stock.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the vague and speculative allegations, in the form and manner alleged, in first sentence of this paragraph and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

6.     Mr. Thompson denies the allegations in the first sentence of this paragraph.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies all of them.

7.      Mr. Thompson denies the allegations in the first sentence of this paragraph.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies all of them.

8.      Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning alleged statements, observations, or allegations purportedly made by unnamed former employees and other non-parties and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

9.      Mr. Thompson admits that information regarding the Cyberattack was publicly reported on December 13, 2020 and refers to those public reports for their contents. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning alleged statements, observations, or allegations purportedly made by non-parties and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

10.     Mr. Thompson denies all allegations in this paragraph, except refers to publicly available data regarding historical trading prices for SolarWinds common stock and refers to public SEC filings documenting Defendants' sales of SolarWinds common stock.

*Jurisdiction and Venue*

11.     Paragraph 11 states legal conclusions to which no responsive pleading is required. Mr. Thompson admits that Plaintiff purports to assert claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5.  Mr. Thompson does not dispute that the Court has subject-matter

4

jurisdiction over this action.  Mr. Thompson otherwise denies all allegations in this paragraph.

12.    Paragraph 12 states legal conclusions to which no responsive pleading is required.  Mr. Thompson does not dispute that venue is proper in this District.  Mr. Thompson admits that SolarWinds maintains its corporate headquarters in Austin, Texas.  Mr. Thompson otherwise denies all allegations in this paragraph.

*The Parties*

13.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning Plaintiff's function or Plaintiff's ownership of SolarWinds stock and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

14.    Mr. Thompson admits the allegations in the first and third sentences of this paragraph. Mr. Thompson otherwise denies all allegations in this paragraph, except refers to public SEC filings concerning Silver Lake Partners, LLC's and Thoma Bravo LP's ownership of SolarWinds common stock, SolarWinds common stock outstanding, the Company's past status as a private and publicly traded company, and the Company's 2018 initial public offering.

15.    Mr. Thompson admits that he began service as SolarWinds' President in January 2009, began service as SolarWinds' CEO in March 2010, and served in those capacities until his resignation, effective December 31, 2020.  Mr. Thompson served as a consultant to SolarWinds from January 1, 2021 to April 30, 2021.  Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the Company's public SEC filings concerning compensation paid to Mr. Thompson.

16. Mr. Thompson admits that Tim Brown began serving as SolarWinds' Vice President of Security in 2017. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Mr. Brown's other work experience or Mr. Brown's public statements and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph.

17. Mr. Thompson does not dispute that the Complaint sometimes refers to Messrs. Thompson and Brown as the "Executive Defendants."

18. Mr. Thompson denies all allegations in this paragraph, except refers to public SEC filings concerning Silver Lake Partners, LLC's and Thoma Bravo LP's ownership of SolarWinds common stock and refers to SolarWinds' SEC filings for their contents.

19. Mr. Thompson denies all allegations in this paragraph, except refers to public SEC filings concerning Silver Lake Partners, LLC's ownership and sales of SolarWinds common stock and identification of members of SolarWinds' Board of Directors.

20. Mr. Thompson denies all allegations in this paragraph, except admits to knowledge of the identities of the members of SolarWinds' Board of Directors.

21. Mr. Thompson does not dispute that the Complaint sometimes refers to Silver Lake Partners, LLC and Thoma Bravo LP as the "Private Equity Firms" or "Controlling Entity Defendants." Mr. Thompson otherwise denies all allegations in this paragraph in the form and manner alleged and, instead, refers to public SEC filings concerning identification and identity of members of SolarWinds' Board of Directors.

22. Mr. Thompson does not dispute that the Complaint sometimes refers to Messrs. Thompson and Brown, together with Silver Lake Partners, LLC and Thoma Bravo LP as the "Control Person Defendants."

*"Summary of the Fraud," as Alleged in the Complaint*

23. Mr. Thompson admits the allegations in the first sentence of this paragraph. Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the Company's public SEC filings concerning the acquisition of SolarWinds in or around 2016 and refers to the cited article for its contents.

24. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning transactions relating to companies that are not parties to this lawsuit and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the Company's SEC filings concerning SolarWinds' 2018 initial public offering.

25. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

26. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

27. Mr. Thompson denies the allegations in the second and fourth sentences of this paragraph in the form and manner alleged and, instead, refers to the Company's public SEC filings concerning the referenced 2016 and 2018 transactions. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies them.

28. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and fourth sentences of this paragraph and therefore denies them. Mr. Thompson otherwise denies all allegations in this paragraph in the form and manner alleged and, instead, refers to public SEC filings

7

concerning the Company's 2018 initial public offering, the Company's subsequent stock offering in 2019, ownership and sales of SolarWinds common stock by Silver Lake Partners, LLC and Thoma Bravo LP, and identification and identity of members of SolarWinds' Board of Directors.

29. Mr. Thompson admits that before and during the Class Period, the Company offered products and solutions designed to assist customers, including governmental entities, in managing their information technology networks, systems, and environments. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies them.

30. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning specific requirements or any reliance by one or more government agencies or concerning statements made by Ms. Neuberger and therefore Mr. Thompson denies them. Mr. Thompson denies all other allegations in this paragraph in the form and manner alleged.

31. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced white paper and SolarWinds' other public statements concerning cybersecurity matters for their contents.

32. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced press release for its contents.

33. Mr. Thompson denies all allegations in this paragraph, except refers to the transcript of the referenced investor conference for its contents.

34. Mr. Thompson admits that SolarWinds' customers included, during his term as CEO, the entities named in the third sentence of this paragraph. Mr. Thompson denies all

other allegations in this paragraph, except refers to the Company's public SEC filings and quarterly investor presentations for information concerning the Company's customer base, aggregate contract values, and revenue projections.

35. Mr. Thompson denies all allegations in this paragraph and, instead, refers to the referenced public statements regarding cybersecurity for their contents.

36. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

37. Mr. Thompson denies all allegations in this paragraph, except refers to the Company's website (as it existed during the Class Period) for its contents and that of the Security Statement.

38. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them, except refers to the Company's website (as it existed during the Class Period) for its contents.

39. Mr. Thompson denies the allegations in the first sentence of this paragraph. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies all of them.

40. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

41. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph and therefore denies them, except refers to the transcript of the referenced investor conference for its contents. Mr. Thompson otherwise denies all allegations in this paragraph in the

9

form and manner alleged and, instead, refers to the transcript of the Analyst Day for its contents.

42.    Mr. Thompson denies all allegations in this paragraph in the form and manner alleged and, instead, refers to the Security Statement for its contents.

43.    Mr. Thompson denies all allegations in this paragraph in the form and manner alleged and, instead, refers to the Security Statement for its contents.

44.    Mr. Thompson denies the allegations in the first and last sentences of this paragraph. Mr. Thompson otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in this paragraph and therefore denies them.

45.    Mr. Thompson denies all allegations in this paragraph, and, instead, refers to the Security Statement for its contents.

46.    Mr. Thompson denies the allegations in the last sentence of this paragraph, except refers to the Security Statement for its contents.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies them.

47.    Mr. Thompson denies all allegations in this paragraph, except refers to the Security Statement for its contents.

48.    Mr. Thompson denies the allegation in the first sentence of this paragraph in the form and manner alleged.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies them.

49.    Mr. Thompson denies all allegations in this paragraph, except refers to the Security

Statement for its contents.

50. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

51. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

52. Mr. Thompson denies all allegations in this paragraph in the form and manner alleged, except refers to the Security Statement for its contents.

53. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

54. Mr. Thompson denies the allegations in the fifth sentence of this paragraph in the form and manner alleged. Mr. Thompson otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in this paragraph and therefore denies them, except refers to the Security Statement for its contents.

55. Mr. Thompson denies all allegations in this paragraph in the form and manner alleged and, instead, refers to the Security Statement for its contents.

56. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

57. Mr. Thompson denies all allegations in this paragraph in the form and manner alleged and, instead, refers to the Security Statement and the NIST Cybersecurity Framework for their contents.

58. Mr. Thompson denies the allegations in the first sentence of this paragraph in the form and manner alleged. Mr. Thompson lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies them.

59.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph and therefore denies them, except refers to the Security Statement for its contents.  Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the referenced press releases for their contents.

60.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them, except refers to the referenced post for its contents.

61.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them, except refers to the Security Statement, the Company's other public statements regarding cybersecurity, and the referenced analyst statement for their contents, refers to public SEC filings concerning the Company's 2018 initial public offering and subsequent offering of stock in 2019 and sales of SolarWinds common stock by Mr. Thompson, Silver Lake Partners, LLC, and Thoma Bravo LP, and refers to publicly available data regarding historical trading prices for SolarWinds common stock.

62.    Mr. Thompson denies all allegations in this paragraph, except refers to the Security Statement for its contents.

63.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of this paragraph and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph, except

refers to the Security Statement for its contents.

64.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

65.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning alleged communications between Lead Counsel and Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

66.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

67.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning actions taken, statements or observations allegedly made, or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.   Mr. Thompson otherwise denies all allegations in this paragraph.

68.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

69.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

70. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

71. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

72. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

73. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning actions taken, statements or observations allegedly made, or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies them.  Mr. Thompson otherwise denies all

14

allegations in this paragraph in the form and manner alleged.

74. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning a presentation Mr. Thornton-Trump made to certain non-party SolarWinds executives in April 2017 and therefore denies those allegations. Mr. Thompson admits that Mr. Kim reported directly to him. Mr. Thompson otherwise denies all allegations in this paragraph.

75. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Lead Counsel reviewed the referenced presentation and therefore denies those allegations. Mr. Thompson also lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning a presentation Mr. Thornton-Trump made to certain non-party SolarWinds executives and therefore denies those allegations.

76. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.

77. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph.

78. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or

15

observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph.

79.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.

80.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.

81.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

82.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

83.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies them.

84.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them. Mr. Thompson otherwise denies all allegations in this paragraph.

16

85.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

86.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made to, or views, beliefs, or assumptions allegedly held by, Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

87.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning Mr. Thornton-Trump's resignation and therefore denies those allegations.  Mr. Thompson also lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.

88.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning Mr. Thornton-Trump's resignation and therefore denies those allegations.

89.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning Mr. Dada's response to Mr. Thornton-Trump's email and therefore denies those allegations.

90.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

91.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

92.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

93.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

94.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

95.     Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore

denies them.

96.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made, or work done while at the Company, by unnamed former employees and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

97.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

98.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

99.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

100.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

101.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

102. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them. Mr. Thompson otherwise denies all allegations in this paragraph.

103. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning communications about a server password and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph.

104. Mr. Thompson admits that a server was used to upload certain SolarWinds software offerings, that a password was required for SolarWinds employees to access the server, and that this password was among the security safeguards intended to keep the server secure. Mr. Thompson otherwise denies all allegations in this paragraph.

105. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

106. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

107. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning communications about a server password and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph.

108.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning communications about a server password and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

109.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning communications about a server password and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

110.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Mr. Kumar's statements and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

111.    Mr. Thompson admits that SolarWinds' website included written instructions to customers regarding how to download updates for SolarWinds' software and denies the allegations in this paragraph purporting to describe the instructions to the extent inconsistent therewith.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

112.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Mr. Brown's statements in March 2021 and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations

21

in this paragraph.

113.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning alleged statements, observations, or allegations purportedly made by unnamed former employees and other non-parties and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

114.    Mr. Thompson admits that a "Security Statement" describing aspects of certain of the Company's security policies and practices and contents of a "Security Resource Center" appeared on the Company's website during some or all of the Class Period. Mr. Thompson refers to the Company's website (as it existed during the Class Period) for its contents and those of the Security Statement and Security Resource Center. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph, including the emphasized introductory clause.

115.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

116.    Mr. Thompson admits that a "Security Statement" describing aspects of certain of the Company's security policies and practices and contents of a "Security Resource Center" appeared on the Company's website during some or all of the Class Period.

22

Mr. Thompson refers to the Company's website (as it existed during the Class Period) for its contents and those of the Security Statement and Security Resource Center. Mr. Thompson otherwise denies all allegations in this paragraph, including the emphasized introductory clause.

117. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.

118. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

119. Mr. Thompson denies all allegations in this paragraph.

120. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

121. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump or an unnamed former employee and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

122. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

123.　Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

124.　Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the sharing of passwords and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

125.　Mr. Thompson admits that a "Security Statement" describing aspects of certain of the Company's security policies and practices and contents of a "Security Resource Center" appeared on the Company's website during some or all of the Class Period. Mr. Thompson refers to the Company's website (as it existed during the Class Period) for its contents and those of the Security Statement and Security Resource Center. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

126.　Mr. Thompson lacks knowledge or information sufficient to form a belief as to the

24

truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them. Mr. Thompson otherwise denies all allegations in this paragraph.

127. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

128. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

129. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

130. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

131. Mr. Thompson admits that a "Security Statement" describing aspects of certain of the Company's security policies and practices and contents of a "Security Resource Center" appeared on the Company's website during some or all of the Class Period. Mr. Thompson refers to the Company's website (as it existed during the Class Period)

for its contents and those of the Security Statement and Security Resource Center. Mr. Thompson otherwise denies all allegations in this paragraph, including the emphasized introductory clause.

132. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made or views, beliefs, or assumptions allegedly held by Mr. Thornton-Trump, unnamed former employees, and other non-parties and therefore denies those allegations.

133. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

134. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

135. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

136. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning a Company server or its password and therefore denies those allegations.

137. Mr. Thompson admits that a "Security Statement" describing aspects of certain of the Company's security policies and practices and contents of a "Security Resource Center" appeared on the Company's website during some or all of the Class Period. Mr. Thompson refers to the Company's website (as it existed during the Class Period) for its contents and those of the Security Statement and Security Resource Center. Mr. Thompson also refers to the NIST Cybersecurity Framework for its contents. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

138. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made, or work done while at the Company, by unnamed former employees and therefore denies them. Mr. Thompson otherwise denies all allegations in this paragraph.

139. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.

140. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them. Mr. Thompson otherwise denies all allegations in this paragraph,

including the emphasized introductory clause.

141.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning statements or observations allegedly made to or by, or views, beliefs, or assumptions allegedly held by, Mr. Thornton-Trump and therefore denies those allegations.

142.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

143.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

144.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

145.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements and/or observations allegedly made by unnamed former employees and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

146.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements

and/or observations allegedly made by unnamed former employees and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

147.    Mr. Thompson denies all allegations in this paragraph, except refers to the referenced articles and interview for their contents.

148.    Mr. Thompson denies all allegations in this paragraph, except refers to the referenced articles for their contents.

149.    Mr. Thompson denies all allegations in this paragraph, except refers to the referenced articles for their contents.

150.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them, except refers to the cited article for its contents.

151.    Mr. Thompson admits that the first public reporting of the Cyberattack, on Sunday, December 13, 2020, was by outside media.  Mr. Thompson states that SolarWinds first learned of the Cyberattack on Saturday, December 12, 2020 and that the Company issued a public report concerning the Cyberattack via an SEC Form 8-K filed on Monday, December 14, 2020.  Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the Company's public statements in press releases and SEC filings, and on the Company's website and investor presentations, conferences, and calls for discussion of the impact of the Cyberattack on impacted customers.

152.    Mr. Thompson admits that the Company has uncovered evidence of access to the Company's IT environment by threat actors involved in the Cyberattack as early as January 2019, which was almost two years before the Company first learned that it

had been targeted by the Cyberattack and before Mr. Kumar's November 2019 communication regarding his discovery that access credentials for a third-party server not involved in the Cyberattack had been posted to a publicly accessible web page. Mr. Thompson otherwise denies all allegations in this paragraph.

153. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced "reports" and "emergency directive" for their contents.

154. Mr. Thompson denies all allegations in this paragraph.

155. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced Moody's statements for their contents.

156. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced analysts' reports for their contents and to publicly available data regarding historical trading prices for SolarWinds common stock.

157. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced "reports" for their contents.

158. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced articles for their contents.

159. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced article for its contents.

160. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced analysts' reports for their contents and to publicly available data regarding trading volumes and historical trading prices for SolarWinds common stock.

161. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced statements and Bloomberg report for their contents.

162. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced analysts' reports for their contents and to publicly available data regarding trading volumes and historical trading prices for SolarWinds common stock.

163. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced statements allegedly made by various non-parties for their contents.

164. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced analysts' reports for their contents.

165. The allegations in the first sentence of this paragraph are so vague and ambiguous that Mr. Thompson is unable to respond to them in the form and manner alleged and therefore denies them. Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the referenced article for its contents.

166. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning SolarWinds' customers or revenues in 2021 and therefore denies them. Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the referenced Mimecast announcement for its contents and refers to the Company's SEC filings, earnings press release, and earnings conference call for the first quarter of 2021 for discussion of results of operations for that quarter.

167. Mr. Thompson denies all allegations in this paragraph, except refers to publicly available data regarding historical trading prices for SolarWinds common stock and to the referenced analysts' reports for their contents.

168. Mr. Thompson admits that Mr. Ramakrishna succeeded him as the Company's CEO following Mr. Thompson's resignation effective December 31, 2020. Mr. Thompson

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning SolarWinds' security measures since that time and therefore denies them.   Mr. Thompson otherwise denies all allegations in this paragraph, except refers to Mr. Ramakrishna's and the Company's public statements regarding the referenced security measures for their contents.

169. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced article and statements for their contents.

170. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced statements for their contents.

171. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning Company personnel moves in 2021 and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning alleged statements by unidentified "witnesses" and refers to the referenced articles for their contents.

172. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning a "Cybersecurity Committee" and therefore denies them.   Mr. Thompson otherwise denies all allegations in this paragraph.

173. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the "Secure by Design Initiative" and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the referenced statements for their contents.

174. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the "Secure by Design Initiative" and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the referenced statements for their contents.

175. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the "Secure by Design Initiative" and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the referenced statement for its contents.

176. Mr. Thompson admits that SolarWinds' website included written instructions to customers regarding how to download updates for SolarWinds' software, and refers to those instructions for their contents and denies the allegations in this paragraph purporting to describe the instructions to the extent inconsistent therewith. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning new Company management and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph.

177. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning any ongoing investigations relating to the Cyberattack and therefore denies them.  Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the referenced Form 10-K for its contents.

178. Mr. Thompson denies all allegations in this paragraph.

179. Mr. Thompson denies all allegations in this paragraph, except refers to the cited article

and statements for their contents and refers to the Company's SEC filings for discussion of compensation paid to Messrs. Thompson and Kim.

*Additional Allegations of Scienter*

180.    Mr. Thompson denies all allegations in this paragraph.  Mr. Thompson further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

181.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning a presentation Mr. Thornton-Trump made to certain non-party SolarWinds executives in April 2017 and therefore denies those allegations.  Mr. Thompson admits that Mr. Kim reported directly to him.  Mr. Thompson otherwise denies all allegations in this paragraph, including the emphasized introductory clause.  Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.  He further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

182.    Mr. Thompson denies the allegation in the first sentence of this paragraph that the Company did not implement "cybersecurity reforms" allegedly recommended by Mr. Thornton-Trump's presentation.  Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies those allegations.  Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.  He further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

183.   Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies those allegations.  Mr. Thompson further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

184.   Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to quote or describe statements or perceptions of unidentified persons and therefore denies those allegations.   Mr. Thompson otherwise denies all allegations in this paragraph, including the emphasized introductory clause.  Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.  He further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

185.   Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning communications about a server password and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph, including the emphasized introductory clause. Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.  He further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

186.   Mr. Thompson admits that the Security Statement appeared on the Company's website during the Class Period.  Mr. Thompson otherwise denies all allegations in this paragraph, including the emphasized introductory clause, except refers to the referenced statements for their contents.  Mr. Thompson also reiterates his previous

responses to the numbered paragraphs cited in this paragraph. He further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

187. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to quote or describe statements or perceptions of unidentified persons and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph, including the emphasized introductory clause. Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph. He further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

188. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning Mr. Brown's activities, statements, or knowledge and therefore denies them, except refers to the Company's website (as it existed during the Class Period) for its contents. Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph. He further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

189. Mr. Thompson admits that the governmental entities referenced in this paragraph and numerous U.S. Fortune 500 companies were SolarWinds customers while he was CEO. Mr. Thompson believes, and therefore admits, that cybersecurity was important to these entities during his time as CEO. Mr. Thompson otherwise denies all allegations in this paragraph. Mr. Thompson also reiterates his previous responses to

the numbered paragraphs cited in this paragraph. He further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

190. Mr. Thompson denies all allegations in this paragraph, except refers to the Company's SEC filings and earnings press releases for discussion of the Company's historical financial results and the cited article for its contents. Mr. Thompson further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

191. Mr. Thompson denies all allegations in this paragraph, except refers to the Company's SEC filings for discussion of sales of SolarWinds common stock by Mr. Thompson, Silver Lake Partners, LLC and Thoma Bravo LP and SolarWinds' public offerings of common stock. Mr. Thompson further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson, whose sales of Company stock were preapproved.

192. Mr. Thompson denies the allegations, in the form and manner alleged, in this paragraph, except refers to the Company's SEC filings for discussion of Mr. Thompson's ownership and preapproved sales of SolarWinds common stock. Mr. Thompson further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

193. Mr. Thompson denies the allegations, in the form and manner alleged, in this paragraph, except refers to the Company's SEC filings for discussion of Mr. Thompson's ownership and preapproved sales of SolarWinds common stock. Mr. Thompson further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

194.    Mr. Thompson denies all allegations in this paragraph, except refers to the Company's SEC filings for discussion of Silver Lake Partners, LLC's and Thoma Bravo LP's, and Mr. Thompson's ownership and sales of SolarWinds common stock. Mr. Thompson further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson, whose sales of Company stock were preapproved.

195.    Mr. Thompson admits that Palo Alto Networks ("Palo Alto") is a California-based cybersecurity company. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning any Palo Alto communications to SolarWinds in September 2020 and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the Company's SEC filings for discussion of sales of SolarWinds common stock by Mr. Thompson, Silver Lake Partners, LLC and Thoma Bravo LP. Mr. Thompson further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson, whose sales of Company stock were preapproved.

196.    Mr. Thompson admits that the SEC has requested information relating to his trading in SolarWinds securities. Mr. Thompson otherwise denies all allegations in this paragraph. Mr. Thompson further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

197.    Mr. Thompson denies all allegations in this paragraph, except refers to the Company's SEC filings for discussion of Mr. Thompson's compensation for service to the Company. Mr. Thompson further states that the Court determined that Plaintiff failed

to plead scienter with respect to Mr. Thompson.

198. Mr. Thompson denies all allegations in this paragraph, except refers to the Company's SEC filings and press releases. Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph. He further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

199. Mr. Thompson denies all allegations in this paragraph. Mr. Thompson further states that the Court determined that Plaintiff failed to plead scienter with respect to Mr. Thompson.

### Defendants' "Materially False and Misleading Statements," as Alleged in the Complaint

200. Mr. Thompson denies all allegations in this paragraph.

201. Mr. Thompson denies all allegations in this paragraph, except refers to the Company's website (as it existed during the Class Period) and to the Security Statement for their contents.

202. Mr. Thompson admits the allegations in this paragraph and refers to the Security Statement for its contents.

203. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements or perceptions of unidentified persons and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph. Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.

204. Mr. Thompson denies the allegations, in the form and manner alleged, in this paragraph, except refers to the Security Statement for its contents.

205. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the

39

truth or falsity of the allegations in this paragraph purporting to describe statements or perceptions of unidentified persons and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph. Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.

206. Mr. Thompson admits the allegations in this paragraph and refers to the Security Statement for its contents.

207. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements or perceptions of unidentified persons and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph. Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.

208. Mr. Thompson denies the allegations, in the form and manner alleged, in this paragraph, except refers to the Security Statement for its contents.

209. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements or perceptions of unidentified persons and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph. Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.

210. Mr. Thompson denies the allegations, in the form and manner alleged, in this paragraph, except refers to the Security Statement for its contents.

211. Mr. Thompson admits the allegations in this paragraph and refers to the Security Statement for its contents.

212. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph purporting to describe statements or perceptions of unidentified persons and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph. Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.

213. Mr. Thompson denies the allegations, in the form and manner alleged, in this paragraph, except refers to the Security Statement for its contents.

214. Mr. Thompson denies all allegations in this paragraph, except refers to the NIST Cybersecurity Framework for its contents.

215. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements or perceptions of unidentified persons and therefore denies those allegations. Mr. Thompson otherwise denies all allegations in this paragraph. Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.

216. Mr. Thompson admits that a "Security at SolarWinds" page describing the Company's commitment to the privacy and security of its customers appeared on the Company's website during some or all of the Class Period. Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the Company's website (as it existed during the Class Period) for its contents.

217. Mr. Thompson denies all allegations in this paragraph. Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.

218. Mr. Thompson admits that the Company maintained a page on its website entitled the "SolarWinds Trust Center" during some of the Class Period. Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the Company's

41

website (as it existed during the Class Period) for its contents.

219.    Mr. Thompson denies all allegations in this paragraph.  Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.

220.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning Mr. Brown's actions or statements in March 2019 and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

221.    Mr. Thompson lacks information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph purporting to describe statements or perceptions of unidentified persons and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.  Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.

222.    Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the referenced interview of Mr. Brown and therefore denies those allegations.

223.    Mr. Thompson denies all allegations in this paragraph.  Mr. Thompson also reiterates his previous responses to the numbered paragraphs cited in this paragraph.

### *Loss Causation*

224.    Mr. Thompson denies all allegations in this paragraph.

225.    Mr. Thompson denies all allegations in this paragraph.

226.    Mr. Thompson admits that the Company issued a public report concerning the Cyberattack via an SEC Form 8-K filed on Monday, December 14, 2020.  Mr. Thompson otherwise denies all allegations in this paragraph, except refers to the

referenced Form 8-K for its contents.

227. Mr. Thompson denies all allegations in this paragraph, except refers to publicly available data regarding historical trading prices for SolarWinds common stock.

228. Mr. Thompson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning what others knew about the Cyberattack and when they knew it and therefore denies those allegations.  Mr. Thompson otherwise denies all allegations in this paragraph.

229. Mr. Thompson denies all allegations in this paragraph.

230. Mr. Thompson denies all allegations in this paragraph.

231. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced analyst's report for its contents and to publicly available data regarding historical trading prices for SolarWinds common stock.

232. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced statements and Bloomberg report for their contents.

233. Mr. Thompson denies all allegations in this paragraph, except refers to the referenced analysts' reports for their contents and to publicly available data regarding historical trading prices for SolarWinds common stock.

234. The allegations in this paragraph contain legal conclusions that require no response, but to the extent a response may be required, Mr. Thompson denies those allegations.

*Inapplicability of the Statutory Safe Harbor, as Alleged in the Complaint*

235. The allegations in this paragraph contain legal conclusions that require no response, but to the extent a response may be required, Mr. Thompson denies those allegations.

236. The allegations in this paragraph contain legal conclusions that require no response,

43

but to the extent a response may be required, Mr. Thompson denies those allegations.

237. The allegations in this paragraph contain legal conclusions that require no response, but to the extent a response may be required, Mr. Thompson denies those allegations.

*Presumption of Reliance, as Alleged in the Complaint*

238. The allegations in this paragraph preceding the lettered subparagraphs contain legal conclusions that require no response, but to the extent a response may be required, Mr. Thompson denies those allegations. With respect to the remainder of the allegations in this paragraph, Mr. Thompson admits that, during the Class Period, the Company's common stock was traded on the New York Stock Exchange ("NYSE"), it filed periodic reports with the SEC and the NYSE, it issued public statements, and it was followed by securities analysts who published publicly available reports on the company. Mr. Thompson otherwise denies all allegations in this paragraph.

239. The allegations in this paragraph contain legal conclusions that require no response, but to the extent a response may be required, Mr. Thompson denies those allegations.

240. The allegations in this paragraph contain legal conclusions that require no response, but to the extent a response may be required, Mr. Thompson denies those allegations.

*Class Action Allegations*

241. Mr. Thompson admits that Plaintiff purports to bring this action as a putative class action on behalf of the "Class" described. Mr. Thompson denies that Plaintiff or the putative class members it purports to represent are entitled to relief and denies that class treatment of Plaintiff's claims is appropriate. To the extent this paragraph contains additional allegations to which a response is required, Mr. Thompson denies the allegations.

242.    The allegations in the first and last sentences of this paragraph contain legal conclusions that require no response, but to the extent a response may be required, Mr. Thompson denies those allegations. Mr. Thompson otherwise denies the allegations in this paragraph, except refers to public SEC filings concerning the number of shares in the Company outstanding as of October 2020.

243.    The allegations in this paragraph contain legal conclusions that require no response, but to the extent a response is required, Mr. Thompson denies those allegations.

244.    The allegations in this paragraph contain legal conclusions that require no response, but to the extent a response is required, Mr. Thompson lacks information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

245.    The allegations in this paragraph contain legal conclusions that require no response, but to the extent a response is required, Mr. Thompson denies those allegations.

*Claims for Relief*

### COUNT I

246.    Mr. Thompson incorporates his responses to the preceding paragraphs as if fully set forth herein.  The Court has dismissed Count I with respect to Mr. Thompson, and therefore no response is required to any of its allegations.

247.    No response to this paragraph is required because the Court dismissed Count I with respect to Mr. Thompson.

248.    No response to this paragraph is required because the Court dismissed Count I with respect to Mr. Thompson.

249.    No response to this paragraph is required because the Court dismissed Count I with

respect to Mr. Thompson.

250. No response to this paragraph is required because the Court dismissed Count I with respect to Mr. Thompson.

251. No response to this paragraph is required because the Court dismissed Count I with respect to Mr. Thompson.

252. No response to this paragraph is required because the Court dismissed Count I with respect to Mr. Thompson.

253. No response to this paragraph is required because the Court dismissed Count I with respect to Mr. Thompson.

254. No response to this paragraph is required because the Court dismissed Count I with respect to Mr. Thompson.

255. No response to this paragraph is required because the Court dismissed Count I with respect to Mr. Thompson.

256. No response to this paragraph is required because the Court dismissed Count I with respect to Mr. Thompson.

257. No response to this paragraph is required because the Court dismissed Count I with respect to Mr. Thompson.

258. The allegation in this paragraph contains a legal conclusion that requires no response, but to the extent a response is required, Mr. Thompson denies those allegations.

## **COUNT II**

259. Mr. Thompson incorporates his responses to the preceding paragraphs as if fully set forth herein.

260. The allegations in this paragraph contain legal conclusions that require no response,

but to the extent a response may be required, Mr. Thompson denies those allegations.

261.    The allegations in this paragraph contain legal conclusions that require no response. Mr. Thompson admits that Plaintiff purports to assert claims pursuant to Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).  To the extent a response is required, Mr. Thompson denies all allegations in this paragraph.

262.    The allegations in this paragraph contain legal conclusions that require no response, but to the extent a response may be required, Mr. Thompson denies those allegations.

263.    The allegations in this paragraph contain legal conclusions that require no response, but to the extent a response may be required, Mr. Thompson denies those allegations.

264.    The allegations in this paragraph pertain solely to the Controlling Entity Defendants and to claims not asserted against Mr. Thompson and, therefore, no response is required from Mr. Thompson. To the extent a response is required, Mr. Thompson denies all allegations in this paragraph.

265.    Mr. Thompson denies the allegations, in the form and manner alleged, in this paragraph, except refers to the Company's Class Period SEC filings for their contents and discussion of Silver Lake Partners, LLC's and Thoma Bravo LP's ownership of SolarWinds common stock.

266.    Mr. Thompson denies the allegations, in the form and manner alleged, in this paragraph, except refers to the public disclosures referenced in this paragraph for their contents.

267.    The allegations in this paragraph pertain solely to the Controlling Entity Defendants and to claims not asserted against Mr. Thompson and, therefore, no response is required from Mr. Thompson.  To the extent a response is required, Mr. Thompson

47

denies all allegations in this paragraph, except refers to the Company's Class Period proxy statements filed with the SEC for identification and identity of Company board members and their periods of service.

268.   The allegations in this paragraph pertain solely to the Controlling Entity Defendants and to claims not asserted against Mr. Thompson and, therefore, no response is required from Mr. Thompson.  To the extent a response is required, Mr. Thompson denies all allegations in this paragraph.

269.   The allegations in this paragraph contain legal conclusions that require no response, but to the extent a response may be required, Mr. Thompson denies those allegations.

## PRAYER FOR RELIEF

Mr. Thompson denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief and denies the remaining allegations in these and any other portions of the Complaint to the extent not expressly admitted herein.

## JURY DEMAND

270.   Mr. Thompson joins Plaintiff's demand for a trial by jury.

## DEFENSES

Without assuming the burden of proof or persuasion where it otherwise rests with the Plaintiff, Mr. Thompson pleads the following defenses:

## FIRST DEFENSE

Without admitting that Plaintiff suffered damages, or that Defendants are liable for any such damages, Mr. Thompson asserts that any liability is limited by 15 U.S.C. § 78u-4(e) & (f) and under principles of equitable allocation, recoupment, set-off, proportionate liability, comparative fault, and failure to mitigate.

48

## SECOND DEFENSE

Plaintiff's claim under Section 20(a) of the Exchange Act fails because Mr. Thompson acted with good faith and did not directly or indirectly induce any act or acts constituting a direct or primary violation of the Securities Exchange Act of 1934 or the rules or regulations thereunder.

## THIRD DEFENSE

Every act or omission alleged in the Complaint was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff assumed risks about which it complains in this action.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent applicable, by waiver, release, and discharge.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent they are untimely under the applicable statute of limitations and/or doctrine of laches.

## SEVENTH DEFENSE

Certain matters alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain, and as such were available to Plaintiff, members of the putative class, and/or the securities market.

## EIGHTH DEFENSE

49

Plaintiff's remaining claim against Mr. Thompson is barred because Plaintiff's alleged losses were not directly or proximately caused by Mr. Thompson.

## NINTH DEFENSE

Plaintiff's alleged loss, if any, is the result of intervening and/or superseding causes for which Defendants were not and are not responsible.

## TENTH DEFENSE

This action is not properly maintainable as a class action pursuant to the Federal Rule of Civil Procedure 23.

## ELEVENTH DEFENSE

Plaintiff's remaining claim against Mr. Thompson is barred, in whole or in part, because SolarWinds' shareholders, including Plaintiff, did not rely on the market price of SolarWinds securities in making their decision to purchase SolarWinds stock, and the market price of SolarWinds securities was not inflated as a result of any alleged representation or omission made by Mr. Thompson. Therefore, no "fraud on the market" presumption is appropriate in this case.

## TWELFTH DEFENSE

Plaintiff's remaining claim against Mr. Thompson is barred because the alleged misstatements are nonactionable statements that contain expressions of opinion, puffery, or other soft information.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Mr. Thompson reserves the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which he may become aware through discovery or other investigation, as may be appropriate at a later time. Mr. Thompson adopts by reference any

defense, not otherwise expressly set forth herein, that is or will be pleaded by any other Defendant in this action.

WHEREFORE, Mr. Thompson, having fully answered Plaintiff's Complaint, prays:

a)      that the Complaint be dismissed with prejudice and that each of its demands and prayers for relief be denied;

b)      that judgment be entered in Mr. Thompson's favor;

c)      that all costs of this action be taxed against Plaintiff; and

d)      for such other and further relief as the Court deems proper.

Dated:          September 28, 2022

|  |  |
|---|---|
| | */ s/ Peter L. Welsh* |
| Paul R. Bessette | Peter L. Welsh (*pro hac vice*) |
| Texas Bar No. 02263050 | C. Thomas Brown (*pro hac vice*) |
| Michael J. Biles | Kathryn E. Caldwell (*pro hac vice*) |
| Texas Bar No. 24008578 | Patrick T. Roath (*pro hac vice*) |
| KING & SPALDING LLP | ROPES & GRAY LLP |
| 500 W. 2nd Street, Suite 1800 | Prudential Tower, 800 Boylston Street |
| Austin, TX  78701 | Boston, MA 02199-3600 |
| Tel:  (512) 457-2050 | Tel: (617) 951-7865 |
| Fax:  (512) 457-2100 | peter.welsh@ropesgray.com |
| pbessette@kslaw.com | |
| mbiles@kslaw.com | Edward R. McNicholas (*pro hac vice*) |
| | Frances Faircloth (*pro hac vice*) |
| | ROPES & GRAY LLP |
| | 2099 Pennsylvania Avenue, N.W. |
| | Washington, DC 20006-6807 |
| | Tel: (202) 508-4779 |
| | edward.mcnicholas@ropesgray.com |
| | |
| | *Counsel for Kevin B. Thompson* |

## CERTIFICATE OF SERVICE

I certify that on September 28, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.


*/s/ Peter L. Welsh*
Peter L. Welsh

52