# Exhibit A

**LEAD PLAINTIFF'S SUMMARY OF RESPONSES TO LOCAL RULE APPENDIX A: INFORMATION REQUIRED - MOTION FOR CLASS ACTION CERTIFICATION**

**(1)     A brief statement of the case.**

Lead Plaintiff asserts claims that Defendants violated (a) Sections 10(b) and 20(a) of the Exchange Act of 1934 for misstatements made during the period of October 18, 2018 through December 17, 2020, inclusive, (the "Class Period").[1]

**(2)     A statement defining the class plaintiff seeks to have certified including its geographical and temporal scope.**

The proposed class is all persons and entities who purchased or otherwise acquired securities issued by SolarWinds during the period from October 18, 2018 to December 17, 2020, inclusive, and who were damaged thereby. Excluded from the Class are Defendants; SolarWinds' affiliates and subsidiaries; the officers and directors of SolarWinds and its subsidiaries and affiliates at all relevant times; members of the immediate family of any excluded person; heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person has or had a controlling interest.  *See* ECF No. 24 (Complaint) ¶24.

**(3)     A description of plaintiff's particular grievance and why that claim qualifies plaintiff as a member of the class as defined.**

Throughout the Class Period, SolarWinds falsely and misleadingly told investors that it had a robust cybersecurity program and adhered to specific cybersecurity practices set forth in a "Security Statement" prominently featured on its website.  In reality, the Company—which was primarily owned and controlled by two private equity firms, Silver Lake Partners, LLC and Thoma Bravo, LP—sacrificed cybersecurity to generate short-term profits for its principal owners.  The truth was gradually revealed beginning on December 13, 2020, when it was reported that the Company's software was the source of the largest cyberattack in U.S. history.  A series of revelations regarding the Company's deficient cybersecurity practices ensued, and investors learned that the Company, contrary to its years of assurances to investors, failed to adhere to its representations about its purported cybersecurity.

**(4)     Whether the plaintiff contends that the action may be maintained under Rule 23(b)(1), Rule 23(b)(2), or Rule 23(b)(3) and why.**

Lead Plaintiff maintains that this action is suited to proceed as a class action pursuant to Rule 23(b)(3) because the claims asserted on behalf of the proposed Class involve common questions of law and fact that predominate, including whether Defendants made false or misleading statements, whether these false and misleading statements were made with scienter, and whether the proposed Class was damaged thereby.  The action also satisfies Rule 23(b)(3)'s superiority requirement as the collection of claims provides a means of potential recovery for thousands of

---

[1] All capitalized, defined terms have the same meanings as defined in the Consolidated Complaint for Violation of the Federal Securities Laws.  See ECF No. 26.

similarly situated investors who are geographically dispersed, and none of whom have brought an action to individually pursue recovery for their losses.

**(5)    A statement respecting the four prerequisites of Federal Rule of Civil Procedure 23(a). The statement shall set forth:**

    a.    **The anticipated number of class members and how this number was determined.**

There are many thousands of members of the proposed class.  Approximately 3.4 million shares of SolarWinds common stock were traded weekly on average during the Class Period, and over 300 million shares of SolarWinds common stock were outstanding during the Class Period.  *See* Br. at 7.

    b.    **The common questions of law and fact involved.**

Common questions of law and fact in this case include, among others, (i) whether Defendants made false or misleading statements; (ii) whether Defendants acted with scienter; (iii) whether the price of SolarWinds common stock was artificially inflated during the Class Period; (iv) whether Defendants' misrepresentations and omissions caused Class members to suffer economic losses; and (v) whether Defendants Thompson, Silver Lake, and Thoma Bravo controlled SolarWinds during the Class Period.  *See* Br. at 8.

    c.    **The reasons why plaintiff's claim is typical of those of the other class members.**

Lead Plaintiff's claims are typical of those of the other Class members because Lead Plaintiff, like each Class member, purchased SolarWinds common stock during the Class Period and were damaged thereby.  *See* Br. at 8-9.

    d.    **The reason why representation by the named plaintiff is adequate to protect the interests of the class. This part of the statement shall specifically answer the following questions:**

Lead Plaintiff is a sophisticated institutional investor—precisely the type of plaintiff that Congress sought to encourage to lead securities class actions when it enacted the Private Securities Litigation Reform Act of 1995.  Lead Plaintiff has diligently pursued the effective prosecution of this Action and has actively monitored its progress.

      (i)    **Is the claim of the named plaintiff presently or potentially in conflict with that of any members of the class?**

There are no conflicts between Lead Plaintiff and the Class it seeks to represent.

      (ii)    **Will the claims of the class require subclasses presently or in the future?**

Lead Plaintiff does not presently or in the future anticipate the use of subclasses.

(iii) **What is the prior experience of counsel for the plaintiff that would indicate capability to handle the lawsuit?**

Lead Counsel Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") has ample resources and deep experience litigating complex securities fraud class actions on behalf of shareholders. Bernstein Litowitz has repeatedly been recognized by courts as capable and experienced in serving as class counsel in securities class actions. *See* Br. at 19-20.

(iv) **Is counsel presently representing or has he at any time represented, a class in any other class action, and if so, when, and how many instances?**

Bernstein Litowitz specializes in securities class action litigation. Bernstein Litowitz has represented investors in over 230 certified class actions since the passage of the Private Securities Litigation Reform Act, securing many of the largest recoveries for investors in history. *See* Ex. D to the Declaration of Jonathan D. Uslaner in Support of Lead Plaintiff's Motion for Class Certification ("Firm Resume").

(v) **How many cases is plaintiff's counsel now handling in which class action allegations are made?**

Bernstein Litowitz is currently serving as lead or co-lead counsel in over 35 federal securities class actions.

**(6)** **A statement describing any other pending actions in any court against the defendants alleging the same or similar causes of action.**

Lead Plaintiff is not aware of any other direct actions brought under Section 10(b) or 20(a) of the federal securities laws against any of the Defendants. Lead Plaintiff is aware of two derivative lawsuits brought on behalf of SolarWinds Corporation against its Board of Directors and certain of its executive officers relating to SolarWinds' cybersecurity and the December 2020 cyberattack.

- *Sobel v. Thompson* is a derivative shareholder suit pending in this district. The plaintiff there brought claims under Section 14(a) of the Exchange Act and contribution claims under Sections 10(b) and 21D of the Exchange Act.

- *Construction Industry Laborers Pension Fund v. Bingle* is a derivative shareholder suit brought in the Delaware Court of Chancery. The plaintiffs there brought a breach of fiduciary duty claim against the Board of Directors and executives.

**(7)** **A statement that the attorney for the named plaintiff has discussed and thoroughly explained to the plaintiff the nature of a class action and potential advantages and disadvantages to the named plaintiff by proceeding in a class action rather than individually.**

Lead Counsel has thoroughly apprised Lead Plaintiff of both the procedures and duties involved in prosecuting a class action and discussed the advantages and disadvantages of proceeding as a class representative.

**(8)    A statement of the proposed notices to the members of the class and how and when the notices will be given, including a statement regarding security deposit for the cost of notices.**

Notice can be readily provided to Class members by the highly effective means typically used in securities class actions that utilizes shareholder and nominee records to identify potential Class members.

If a class is certified by the Court, following an application and order of the Court, Class Notice will be mailed by first-class U.S. mail to all Class Members who can be identified through reasonable effort.  To identify Class Members, Lead Plaintiff will obtain names and addresses of potential Class Members from (1) Defendant SolarWinds, who will provide names and addresses of record holders of SolarWinds common stock during the Class Period, and (2) from brokers and other nominee holders, who will provide names and addresses of other beneficial owners of SolarWinds common stock during the Class Period (or forward the notice to those beneficial owners).  Lead Plaintiff will also publish a summary notice in *The Wall Street Journal* and over *PR Newswire*.  Finally, Lead Plaintiff will establish a case website where the Class Notice and other relevant documents, including the class certification order and operative complaint will be made available.

**(9)    A description of the extent of any settlement negotiations that have taken place and the likelihood of settlement with the named plaintiff on an individual basis.  If such settlement is likely, include a statement specifying:**

The parties had one mediation session that did not result in settlement.  The parties have a second mediation session scheduled.  Lead Plaintiff has no intention of settling its claims on an individual basis.

a. **Whether or not counsel have any knowledge of any person who has relied on the fact that this suit was initially filed as a class action.**

Lead Counsel does not know the identities of who has relied on the fact that this suit was initially filed as a class action.  The lawsuit was filed on the public docket, is referenced on Lead Counsel's website, and has received media attention.

b. **The manner in which counsel will protect the class in the event of settlement with the named plaintiff on an individual basis.**

Lead Counsel and Lead Plaintiff understand and appreciate their fiduciary duties to the proposed Class and will litigate the case on behalf of that Class.  Lead Plaintiff will not settle this action on an individual basis.  In the event an individual settlement was nevertheless to occur, Lead Counsel and Lead Plaintiff would ensure that the claims of all investors in the Class were not released.

**(10)    A statement of any other matters that the plaintiff deems necessary and proper to the expedition of a decision on the motion and the speedy resolution of the case on the merits.**

Lead Plaintiff's motion and supporting papers set forth the basis for its request for class certification.  There are no other matters to bring to the Court's attention at this time.