# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | Case No. 1:21-cv-00138-RP<br><br>CLASS ACTION |

**DECLARATION OF MICHELLE YOSHIDA IN SUPPORT OF**
**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, MICHELLE YOSHIDA, declare:

1.      I submit this Declaration in my capacity as the mediator in the above-captioned securities class action ("Action") and in connection with the proposed settlement of claims asserted in the Action (the "Settlement"). I make this Declaration based on personal knowledge and am competent to so testify.

2.      While the mediation process is confidential, the Parties have authorized me to inform the Court of the matters set forth herein in support of final approval of the Settlement. My statements and those of the Parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408. The Parties agreed that the confidentiality agreement extends to all statements made during the course of the mediation and any materials generated for the purpose of mediation. By making this declaration, there is no intention on either my part or the Parties' part to waive the provisions of the confidentiality agreement or the protections of Rule 408.

**I.      BACKGROUND AND QUALIFICATIONS**

3.    I have worked as a full-time mediator and arbitrator since 2007.  I currently work as a mediator, arbitrator and special master with Phillips ADR Enterprises, P.C. ("Phillips ADR"), which is based in Corona Del Mar, California.  I joined Phillips ADR at its founding in November 2014.  Prior to joining Phillips ADR, I worked as a mediator, arbitrator and special master with Weinstein Melnick LLC.

4.    Over the past 15 years, I have served as a mediator and arbitrator in connection with numerous large, complex cases, including securities cases such as this one.  I have been involved in the mediation of hundreds of disputes, involving a myriad of diverse matters, including financial and accounting cases, securities and derivative matters, insurance coverage, regulatory matters, professional liability, employment, ERISA, and trustee issues.

5.    Prior to becoming a mediator, I worked as a trial attorney in private practice, litigating complex business matters including contract, insurance coverage, intellectual property, real estate, regulatory, and white-collar matters.

## II.    THE ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

6.    On December 7, 2021, the Parties participated in a full-day mediation session before me via Zoom conference.

7.    In advance of this mediation session, the Parties prepared and exchanged confidential mediation statements addressing liability and damages, and submitted those mediation statements to me together with numerous exhibits.  During the mediation, counsel for Lead Plaintiff and the Defendants presented arguments regarding their clients' respective positions.  The work that went into the mediation statements and competing presentations and arguments was substantial.

8.      During the mediation session, I engaged in extensive discussions with counsel on both sides in an effort to find common ground between the Parties' respective positions and separately challenged each side to address potential weaknesses in or counterarguments to their key positions and arguments.  No agreement among the Parties was reached at that mediation.

9.      After the Court issued its ruling on Defendants' Motions to Dismiss the Complaint, the Parties scheduled a second mediation session with me for October 26, 2022.  The Parties again exchanged and submitted detailed mediation statements, and included additional supporting exhibits.  At the full-day mediation session on October 26, 2022, counsel for the Parties engaged in robust negotiations regarding their clients' positions in the litigation.  At the conclusion of the mediation session, I made a mediator's recommendation that the Parties settle the Action in return for a cash payment for the benefit of the Settlement Class of $26,000,000, which the Parties accepted.

10.     Because the Parties submitted their mediation statements and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content.  I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, they were complex and adversarial and reflected a detailed understanding of the strengths and potential weaknesses of the claims and defenses at issue in this case.  The mediation process was a hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides.  Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's length and in good faith.

## III.    CONCLUSION

11.    I understand that the Court will make its own determination as to the fairness, reasonableness and adequacy of the Settlement under applicable legal standards.  Based on my experience as a mediator, I believe that the Settlement represents a recovery and outcome that is reasonable, fair and adequate for the Settlement Class and all Parties involved, allowing each to avoid the burdens and risks associated with litigating claims of this complexity to trial.  I support the Court's approval of the Settlement in all respects.

12.    Lastly, the advocacy on both sides of the case was excellent.  All counsel displayed the highest level of professionalism in zealously and capably representing their respective clients.

I declare under penalty of perjury that the foregoing facts are true and correct and that this Declaration was executed this 15th day of June 2023.

MICHELLE YOSHIDA, ESQ.
PHILLIPS ADR ENTERPRISES, P.C.

4