# Exhibit 4

**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | Case No. 1:21-cv-00138-RP<br><br>CLASS ACTION |

**DECLARATION OF ALEXANDER P. VILLANOVA REGARDING (A) MAILING OF NOTICE AND CLAIM FORM; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, Alexander P. Villanova, declare and state as follows:

1.      I am a Senior Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq").  Pursuant to the Court's February 8, 2023 Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement (ECF No. 103) (the "Preliminary Approval Order"), Epiq was authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned class action.[1]  The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision and, if called on to do so, I could and would testify competently thereto.

**DISSEMINATION OF THE NOTICE PACKET**

2.      Pursuant to the Preliminary Approval Order, Epiq was responsible for mailing the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") and the Proof of Claim and Release Form (the "Claim Form") (collectively, the Notice and Claim Form are referred to as

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation and Agreement of Settlement dated November 28, 2022 (ECF No. 97-1) (the "Stipulation").

the "Notice Packet"), to potential Settlement Class Members.  A copy of the Notice Packet is attached hereto as Exhibit A.

3.      On February 8, 2023, Epiq received an Excel file from Lead Counsel, which Lead Counsel had received from Defendants' Counsel, containing names and addresses of persons and entities who were identified by SolarWinds Corporation ("SolarWinds") as record purchasers of SolarWinds common stock during the Class Period.  Epiq extracted these records from the file and, after clean-up and de-duplication, there remained 496 unique names and addresses.  Epiq formatted the Notice Packet, and caused it to be printed, personalized with the name and address of each potential Settlement Class Member posted for first-class mail, postage prepaid, and mailed to the 496 potential Settlement Class Members on March 9, 2023.

4.      As in most class actions of this nature, the large majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  Epiq maintains and updates an internal list of the largest and most common banks, brokers and other nominees.  At the time of the initial mailing, Epiq's internal broker list contained 1,040 mailing records.  On March 9, 2023, Epiq caused Notice Packets to be mailed to the 1,040 mailing records contained in its internal broker list.

5.      In total, 1,536 copies of the Notice Packet were disseminated to potential Settlement Class Members and nominees on March 9, 2023.

6.      The Notice itself and a cover letter that accompanied the Notice Packet mailed to Nominees (as well as an email sent to Nominees) directed those who purchased or otherwise acquired SolarWinds common stock during the Class Period for the beneficial interest of a person

or entity other than themselves to either: (i) request, within seven (7) calendar days of receipt of the Notice, additional copies of the Notice Packet from the Claims Administrator, and send a copy of the Notice Packet to such beneficial owners, no later than seven (7) calendar days after receipt of the copies of the Notice Packet; or (ii) provide Epiq with the names, addresses, and email addresses (if available) of such beneficial owners no later than seven (7) calendar days after such nominees' receipt of the Notice.

7.      Epiq monitored the responses received from brokers and other nominees and followed up by email and, if necessary, phone calls to ensure that nominees provided timely responses to Epiq's mailing.  Through June 22, 2023, Epiq mailed an additional 5,815 Notice Packets to potential members of the Settlement Class whose names and addresses were received from individuals, entities, or nominees requesting that Notice Packets be mailed to such persons and entities, and mailed another 17,595 Notice Packets in bulk to nominees who requested Notice Packets to forward to their customers.  Each of the requests was responded to in a timely manner, and Epiq will continue to timely respond to any additional requests received.

8.      Through June 22, 2023, a total of 24,946 Notice Packets have been disseminated to potential Settlement Class Members and nominees.  In addition, Epiq has re-mailed 19 Notice Packets to persons who original mailing was returned by the U.S. Postal Service and for whom updated addresses were provided to Epiq by the Postal Service or obtained from other commercial databases.

**<u>PUBLICATION OF THE SUMMARY NOTICE</u>**

9.      In accordance with paragraph 7(d) of the Preliminary Approval Order, Epiq caused the Summary Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Summary

Notice") to be published once in *The Wall Street Journal* and to be transmitted over the *PR Newswire* on March 21, 2023.  Attached as Exhibit B is a Confirmation of Publication attesting to the publication of the Summary Notice in *The Wall Street Journal* and a screen shot attesting to the transmittal of the Summary Notice over the *PR Newswire*.

## CALL CENTER SERVICES

10.     Epiq reserved a toll-free phone number for the Settlement, 1-877-890-0042, which was set forth in the Notice, the Claim Form, the published Summary Notice, and on the Settlement website.

11.     The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides callers with pre-recorded information, including a brief summary about the Action and the option to request a copy of the Notice Packet.  The toll-free telephone line with pre-recorded information is available 24 hours a day, 7 days a week.  Callers can request to speak with a live representative from 8:00 a.m. to 8:00 p.m. Central time, except for weekends and holidays.  During other hours, callers may leave a message for an agent to call them back.

12.     Epiq made the toll-free phone number and IVR available on March 9, 2023, the same date Epiq began mailing the Notice Packets.

## WEBSITE

13.     Epiq established and currently maintains a website dedicated to this Settlement (www.SolarWindsSecuritiesLitigation.com) to provide additional information to Settlement Class Members.  Users of the website can download copies of the Notice, the Claim Form, the Stipulation, the Preliminary Approval Order, and the Complaint, among other relevant documents. The website address was set forth in the published Summary Notice, the Notice, and the Claim Form.  The website was operational beginning on March 9, 2023, and is accessible 24 hours a day,

7 days a week.  Epiq will continue operating, maintaining and, as appropriate, updating the website until the conclusion of this administration.

## EXCLUSION REQUESTS RECEIVED TO DATE

14.     Pursuant to the Preliminary Approval Order, Settlement Class Members who wish to be excluded from the Settlement Class are required to request exclusion in writing so that the request is received by July 7, 2023.  This deadline has not yet passed.  Through June 22, 2023, Epiq has not received any requests for exclusion.  Epiq will submit a supplemental declaration after the July 7, 2023 deadline for requesting exclusion that will address any requests for exclusion received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 23, 2023, at Beaverton, Oregon.

_____

Alexander P. Villanova

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | Case No. 1:21-cv-00138-RP<br><br><u>CLASS ACTION</u> |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of Texas (the "Court"), if, during the period from October 18, 2018 through December 17, 2020, inclusive (the "Class Period"), you purchased or otherwise acquired the common stock of SolarWinds Corporation ("SolarWinds" or the "Company") and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff New York City District Council of Carpenters Pension Fund ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 25 below), has reached a proposed settlement of the Action for $26,000,000.00 in cash.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 71 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors against SolarWinds and certain of its executives and controlling entities. The SolarWinds Defendants are (i) SolarWinds; (ii) SolarWinds' former Chief Executive Officer, Kevin B. Thompson, and (iii) SolarWinds' Chief Information Security Officer and Vice President of Security Architecture, Timothy Brown. The Controlling Entity Defendants are Silver Lake Group L.L.C., Silver Lake Technology Management, L.L.C., and Thoma Bravo, LP. Lead Plaintiff alleges that the SolarWinds Defendants violated the federal securities laws by making false and misleading statements regarding SolarWinds' business. A more detailed description of the Action is set forth in ¶¶ 11-24 below. As noted below, Defendants have denied and continue to deny all claims and allegations of wrongdoing asserted against them in the Action. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 25 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for $26,000,000.00 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimate of the number of shares of SolarWinds common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.62 per affected share of SolarWinds common stock. Settlement Class Members should note,

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 28, 2022 (the "Stipulation"), which is available at www.SolarWindsSecuritiesLitigation.com.

however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their SolarWinds common stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.   **Attorneys' Fees and Expenses Sought:** Plaintiff's Counsel have been prosecuting the Action on a wholly contingent basis since its inception in 2021, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for Plaintiff's Counsel in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.17 per affected share of SolarWinds common stock.

6.   **Identification of Attorneys' Representative:** Lead Plaintiff and the Settlement Class are represented by John Rizio-Hamilton, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

7.   **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial and certain recovery for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN JULY 7, 2023.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 35 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 36 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 7, 2023.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 7, 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for an award of attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |

| | |
|---|---|
| **GO TO A HEARING ON JULY 28, 2023 AT 2:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JULY 7, 2023.** | Filing a written objection and notice of intention to appear by July 7, 2023 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

WHY DID I GET THIS NOTICE?.................................................................................PAGE 4

WHAT IS THIS CASE ABOUT? ..................................................................................PAGE 4

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
    WHO IS INCLUDED IN THE SETTLEMENT CLASS?....................................PAGE 5

WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?....................PAGE 6

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?................................PAGE 6

HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION
    AND THE SETTLEMENT? ............................................................................PAGE 6

HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?.........PAGE 8

HOW MUCH WILL MY PAYMENT BE? ......................................................................PAGE 8

WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
    HOW WILL THE LAWYERS BE PAID?..........................................................PAGE 9

WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
    HOW DO I EXCLUDE MYSELF? ................................................................. PAGE 10

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
    DO I HAVE TO COME TO THE HEARING?
    MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? ............. PAGE 10

WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?................................. PAGE 12

CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?............................. PAGE 12

APPENDIX A: PROPOSED PLAN OF ALLOCATION....................................................... PAGE 13

AI2183 v.04

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired SolarWinds common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Fairness Hearing"). *See* ¶¶ 60-61 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    SolarWinds is an Austin, Texas based company that provides software products used to monitor information technology networks. The Company's flagship product is its Orion platform, which provides a suite of software tools widely used by government agencies and Fortune 500 companies to monitor their networks. In this Action, Lead Plaintiff alleges that the SolarWinds Defendants made a series of misleading statements during the Class Period (from October 18, 2018 through December 17, 2020, inclusive) regarding SolarWinds' security controls and commitment to prioritizing customers' security. Lead Plaintiff further alleges that the Company failed to employ the represented cybersecurity safeguards and that, as a result of vulnerabilities in the Company's cybersecurity protections, SolarWinds and its customers were particularly susceptible to cyber-attacks. Lead Plaintiff further alleges that these misrepresentations and omissions caused SolarWinds' common stock to trade at artificially inflated prices during the Class Period and that the Company's stock price declined as a result of a series of disclosures in December 2020.

12.    In January and February 2021, certain related class actions were filed in the United States District Court for the Western District of Texas (the "Court"), alleging violations of the federal securities laws.

13.    On March 11, 2021, the Honorable Robert Pitman consolidated the actions and ordered that all future filings in the consolidated action be made in Case No. 1:21-cv-00138-RP, under the caption *In re SolarWinds Corp. Securities Litigation*. The Court also appointed New York City District Council of Carpenters Pension Fund as Lead Plaintiff and approved Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

14.    On June 1, 2021, Lead Plaintiff filed and served its Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against the SolarWinds Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against defendants Thompson, Brown, Thoma Bravo, LP, Silver Lake Technology Management, L.L.C., and Silver Lake Group L.L.C. under Section 20(a) of the Exchange Act. Among other things, the Complaint alleged that the SolarWinds Defendants made materially false and misleading statements about SolarWinds' cybersecurity, including about SolarWinds' efforts to ensure the security of its software products and, by extension, its customers' data. The Complaint further alleged that the price of SolarWinds common stock was artificially inflated as a result of the SolarWinds Defendants' allegedly false and misleading statements and declined when the truth was revealed.

15.    On August 8, 2021, Defendants filed motions to dismiss the Complaint. On October 1, 2021, Lead Plaintiff filed its memorandum of law in opposition to the motions to dismiss, and, on November 1, 2021, Defendants filed their reply papers.

AI2184 v.04

4

16. The Parties began exploring the possibility of a settlement in the fall of 2021. The Parties agreed to engage in private mediation and retained Michelle Yoshida to act as mediator in the Action (the "Mediator"). On December 7, 2021, counsel for the Parties participated in a full-day mediation session before the Mediator. In advance of that session, the Parties exchanged and submitted detailed mediation statements to the Mediator. The session ended without any agreement being reached.

17. On March 30, 2022, the Court entered its Order denying, in part, and granting, in part, Defendants' motions to dismiss the Complaint. Specifically, the Court denied the motions with respect to Defendants SolarWinds, Brown, Silver Lake, and Thoma Bravo, and granted Defendant Thompson's motion with respect to Lead Plaintiff's Section 10(b) claim against him.

18. On May 18, 2022, Defendants SolarWinds, Brown, Silver Lake, and Thoma Bravo filed their answers to the Complaint. Defendant Thompson filed his answer on September 28, 2022. Among other things, Defendants' Answers denied Lead Plaintiff's allegations of wrongdoing and asserted various defenses to the claims pled against them.

19. Discovery in the Action commenced in May 2022. Defendants produced more than 125,000 documents, totaling more than 600,000 pages, to Lead Plaintiff. In addition, the Parties met and conferred and exchanged numerous letters concerning disputed discovery issues over several months.

20. On September 30, 2022, Lead Plaintiff filed its motion for class certification and appointment of class representative and class counsel, which was accompanied by a report from Lead Plaintiff's expert on market efficiency and common damages methodologies. The motion for class certification was pending when the Parties reached their agreement to settle.

21. After the Court issued its ruling on defendants' motions to dismiss the Complaint, the Parties renewed their settlement discussions, and agreed to engage in a second full-day mediation session before the Mediator on October 26, 2022. The Parties exchanged and submitted additional detailed mediation statements to the Mediator, including supporting exhibits.

22. Following the second mediation session, the Parties reached an agreement in principle to settle the Action pursuant to the Mediator's recommendation. The Parties' agreement-in-principle was memorialized in a term sheet executed by the Parties on October 28, 2022 (the "Term Sheet"). The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in the Action in return for a cash payment of $26,000,000.00 for the benefit of the Settlement Class, subject to the Court's approval, certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

23. On November 28, 2022, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.SolarWindsSecuritiesLitigation.com.

24. On February 8, 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

25. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons who purchased or otherwise acquired the common stock of SolarWinds from October 18, 2018 through December 17, 2020, inclusive (the "Class Period"), and who were damaged thereby (the "Settlement Class").

Excluded from the Settlement Class are: (i) Defendants; (ii) any current or former officers or directors of any Defendant who served in such capacities during the Class Period; (iii) members of the immediate family of each of the Individual Defendants or any current or former officer or director of any Defendant who served in such capacities during the Class Period; (iv) any entity that any excluded person owns or controls or owned or controlled during the Class Period; (v) any affiliates, parents, or subsidiaries of any Defendant; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded persons. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 10 below.

**Please note: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked no later than July 7, 2023.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

26. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the very substantial risks they would face in establishing liability and damages through the Court's ruling on class certification, summary judgment, pre-trial motions, a trial, and appeals, as well as the length and expense to the Settlement Class of continued proceedings. The risks of continued litigation concerned each main element of Lead Plaintiff's claims. To start, Lead Plaintiff faced challenges in proving that the SolarWinds Defendants made materially false and misleading statements during the Class Period. For example, Defendants contended that the Company's alleged cybersecurity deficiencies did not cause the cyberattack whose revelation prompted the disclosures concerning SolarWinds' cybersecurity practices and protocols, noting that several industry experts have concluded that Russia was responsible for the cyberattack, and that it was purportedly the most sophisticated hack in history. Further, Lead Plaintiff faced challenges in proving scienter—*i.e.*, that Defendants knowingly or recklessly deceived investors. The Court found that Lead Plaintiff failed to adequately allege Defendant Thompson's scienter, and there was a meaningful risk that the Court or jury may find that Defendants Brown and SolarWinds also lacked scienter on a complete record at summary judgment or trial.

27. Lead Plaintiff also faced further risks relating to proof of loss causation and damages. For example, as noted above, Defendants argued that investors' losses were caused by a sophisticated and illegal cybersecurity attack—and were not caused by allegedly misleading statements or omissions or alleged deficiencies in the Company's cybersecurity controls. Defendants argued that none of the cybersecurity deficiencies alleged in the Complaint, even if they existed, were the cause of the hack, and that the hack was so sophisticated that it would have defeated even the most robust security measures. If Defendants had succeeded on their loss causation and damages arguments, the recoverable damages would have been substantially less than the amount provided in the Settlement or even zero.

28. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Settlement provides a substantial benefit to the Settlement Class, namely $26,000,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery at all, after summary judgment, trial, and appeals, possibly years in the future.

29. Defendants have denied the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in defeating class certification, narrowing the Class Period, or proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

31. As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 10 below.

AI2186 v.04

32. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 10 below.

33. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 10 below.

34. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and any other person or entity purporting to claim through or on behalf of them directly or indirectly in such capacity only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims (as defined in ¶ 35 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 36 below), and will forever be barred and enjoined from prosecuting or otherwise pursuing, whether directly or in any other capacity, any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

35. "Released Plaintiff's Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that Lead Plaintiff or any other member of the Settlement Class: (i) (A) asserted in any of the complaints filed in the Action; or (B) could have asserted in the Action or in any other action or in any other forum that arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Action, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment; *and* (ii) relate to the purchase or sale of publicly-traded SolarWinds common stock during the Class Period. Released Plaintiff's Claims do not include, settle, or release (i) any claims asserted in any derivative action, including, without limitation, the claims asserted in *David Sobel, Derivatively on Behalf of Nominal Defendant SolarWinds Corporation v. Kevin B. Thompson, et al.*, Case No. 1:21-cv-272-RP (W.D. Tex.) and/or *Construction Industry Laborers Pension Fund, Central Laborers' Pension Fund, Lawrence Miles, and Brian Seavitt, Derivatively on Behalf of SolarWinds Corporation v. Mike Bingle, et al.*, Case No. 2021-0940-SG (Del. Ch.); (ii) any claims relating to the enforcement of the Settlement; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

36. "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

37. "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

AI2187 v.04

7

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

38.  The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and any other person or entity purporting to claim through or on behalf of them directly or indirectly in such capacity only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 39 below) against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 40 below), and will forever be barred and enjoined from prosecuting or otherwise pursuing whether directly or in any other capacity any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

39.  "Released Defendants' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. Released Defendants' Claims do not include, settle, or release (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court; and (iii) any claims belonging to any of the Defendants against any of their respective insurers.

40.  "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

41.  To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online* at www.SolarWindsSecuritiesLitigation.com **no later than July 7, 2023**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.SolarWindsSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-890-0042 or by emailing the Claims Administrator at info@SolarWindsSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in SolarWinds common stock, as they will be needed to document your Claim.** The Parties and Claims Administrator do not have information about your transactions in SolarWinds common stock.

42.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

43.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

44.  Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $26,000,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

AI2188 v.04

45. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

46. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

47. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

48. Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form postmarked on or before July 7, 2023 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Settlement Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶ 35 above) against the Defendants' Releasees (as defined in ¶ 36 above) and will be barred and enjoined from prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

49. Participants in, and beneficiaries of, a SolarWinds employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in SolarWinds common stock held through the ERISA Plan in any Claim Form that they submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of SolarWinds common stock during the Class Period may be made by the plan's trustees.

50. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

51. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

52. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired SolarWinds common stock during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible for a payment and should not submit Claim Forms. The only security that is included in the Settlement is SolarWinds common stock.

53. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff. At the Settlement Hearing, Lead Plaintiff will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

54. Plaintiff's Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Settlement Class, nor have Plaintiff's Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for Plaintiff's Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses incurred by Plaintiff's Counsel in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

AI2189 v.04

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

55. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *SolarWinds Securities Litigation*, EXCLUSIONS, c/o Epiq, P.O. Box 3217, Portland, OR 97208-3217, that is accepted by the Court. The Request for Exclusion must be **received no later than July 7, 2023**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re SolarWinds Corp. Securities Litigation*, Case No. 1:21-cv-138-RP"; (iii) state the number of shares of SolarWinds common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, from October 18, 2018 through December 17, 2020, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion that does not provide all the information called for in this paragraph and is not received within the time stated above will be invalid and will not be allowed. Lead Counsel may request that the person or entity requesting exclusion submit additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in SolarWinds common stock.

56. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.

57. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

58. SolarWinds has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and SolarWinds.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

59. **Settlement Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Fairness Hearing.**

60. **Please Note**: The date and time of the Settlement Fairness Hearing may change without further written notice to the Settlement Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Fairness Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.SolarWindsSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.SolarWindsSecuritiesLitigation.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Fairness Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.SolarWindsSecuritiesLitigation.com.**

61. The Settlement Fairness Hearing will be held on **July 28, 2023 at 2:00 p.m.**, before the Honorable Robert Pitman at the United States District Court for the Western District of Texas, Courtroom 4 of the United States Courthouse, 501 West Fifth Street, Austin, Texas 78701, to determine, among other things, (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the

Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's motion for attorneys' fees and Litigation Expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to certify the Settlement Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses; and/or consider any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

62. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, electronically with the Court or by letter mailed to the Clerk's Office at the United States District Court for the Western District of Texas, Austin Division at the address set forth below **on or before July 7, 2023**. You must also serve the papers on Lead Counsel and on SolarWinds' Counsel at the addresses set forth below so that the papers are *received* **on or before July 7, 2023**.

| CLERK'S OFFICE | |
|---|---|
| United States District Court<br>Western District of Texas, Austin Division<br>Clerk's Office<br>United States Courthouse<br>501 West Fifth Street, Suite 1100<br>Austin, TX 78701 | |
| **LEAD COUNSEL** | **SOLARWINDS' COUNSEL** |
| **Bernstein Litowitz Berger<br>& Grossmann LLP**<br>John Rizio-Hamilton, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 | **King & Spalding LLP**<br>Paul R. Bessette, Esq.<br>Michael J. Biles, Esq.<br>500 W. 2nd Street, Suite 1800<br>Austin, TX 78701 |

63. To object, you must send a letter stating that you object to the Settlement. Your objection must include: (1) the name of this proceeding, *In re SolarWinds Corporation Securities Litigation*, Case No. 1:21-cv-138-RP; (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (5) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of SolarWinds common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

64. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

65. You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

66. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance electronically with the Court or by letter mailed to the Clerks' office and serve it on Lead Counsel and on SolarWinds' Counsel at the addresses set forth in ¶ 62 above so that it is *received* **on or before July 7, 2023**. Objectors and/or their counsel may be heard orally at the discretion of the Court.

AI21811 v.04

67. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and SolarWinds' Counsel at the addresses set forth in ¶ 62 above so that the notice is *received* on or before July 7, 2023.

68. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you plan to attend the Settlement Fairness Hearing, you should confirm the date and time with Lead Counsel.

69. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

70. If you purchased or otherwise acquired shares of SolarWinds common stock during the period from October 18, 2018 through December 17, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to *SolarWinds Securities Litigation*, c/o Epiq, P.O. Box 3217, Portland, OR 97208-3217. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.SolarWindsSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-877-890-0042, or by emailing the Claims Administrator at info@SolarWindsSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

71. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Western District of Texas, Austin Division, United States Courthouse, 501 West Fifth Street, Suite 1100, Austin, TX 78701. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.SolarWindsSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

<table>
<tr><td>SolarWinds Securities Litigation<br>c/o Epiq<br>P.O. Box 3217<br>Portland, OR 97208-3217<br>1-877-890-0042<br>info@SolarWindsSecuritiesLitigation.com<br>www.SolarWindsSecuritiesLitigation.com</td><td>and/or</td><td>John Rizio-Hamilton, Esq.<br>Bernstein Litowitz Berger<br>& Grossmann LLP<br>1251 Avenue of the Americas,<br>44th Floor<br>New York, NY 10020<br>1-800-380-8496<br>settlements@blbglaw.com</td></tr>
</table>

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: March 9, 2023

By Order of the Court
United States District Court
Western District of Texas

AI21812 v.04

12

**APPENDIX A**

**PROPOSED PLAN OF ALLOCATION**

72.  The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who had economic losses as a result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

73.  In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amounts of artificial inflation in the per share closing price of SolarWinds common stock which allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions.

74.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in SolarWinds common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions. These inflation amounts were adjusted for price changes that were attributable to market or industry factors. The estimated artificial inflation in SolarWinds common stock is stated in Table A attached to the end of this Notice.

75.  In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of SolarWinds common stock. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period (*i.e.*, from October 18, 2018 through December 17, 2020, inclusive), which had the effect of artificially inflating the price of SolarWinds common stock. Lead Plaintiff further alleges that corrective information was released to the market during the Class Period, which partially removed the artificial inflation from the price of SolarWinds common stock on December 14, 2020, December 15, 2020, and December 18, 2020.

76.  Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the price of SolarWinds common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired SolarWinds common stock prior to the first corrective disclosure on December 14, 2020 must have held his, her, or its shares of SolarWinds common stock through at least December 13, 2020. A Settlement Class Member who or which purchased or otherwise acquired SolarWinds common stock from December 14, 2020 through December 17, 2020 must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of SolarWinds common stock.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

77.  Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of SolarWinds common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

78.  For each share of SolarWinds common stock purchased or otherwise acquired during the period from October 18, 2018 through December 17, 2020, including in SolarWinds' October 18, 2018 Initial Public Offering, and:

a)  Sold before December 14, 2020, the Recognized Loss Amount will be $0.00.

b)  Sold from December 14, 2020 through and including December 17, 2020, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price *minus* the sale price.

c)  Sold from December 18, 2020 through the close of trading on March 17, 2021, the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price *minus* the average closing price between December 18, 2020 and the date of sale as stated in Table B attached at the end of this Notice; or (iii) the purchase/acquisition price *minus* the sale price.

d)  Held as of the close of trading on March 17, 2021, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price minus $16.04.[2]

## ADDITIONAL PROVISIONS

79.  **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 78 above.

80.  **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of SolarWinds common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

81.  **Purchase/Sale Prices:** For the purposes of calculations in ¶ 78 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

82.  **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of SolarWinds common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of SolarWinds common stock during the Class Period will not be deemed a purchase, acquisition, or sale of SolarWinds common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of SolarWinds common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such SolarWinds common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of SolarWinds common stock.

83.  **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the SolarWinds common stock. The date of a "short sale" is deemed to be the date of sale of the SolarWinds common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

84.  In the event that a Claimant has an opening short position in SolarWinds common stock, the earliest purchases or acquisitions of SolarWinds common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

85.  **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to SolarWinds common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

86.  **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in SolarWinds common stock during the Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[3] and (ii) the sum of the Claimant's Total Sales Proceeds[4] and the Claimant's Holding Value.[5] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

---

[2] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing price of SolarWinds common stock during the "90-day look-back period," December 18, 2020 through and including March 17, 2021. The mean (average) closing price for SolarWinds common stock during this 90-day look back period was $16.04.

[3] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of SolarWinds common stock purchased/acquired during the Class Period.

[4] The total amount received (not deducting any fees, commissions, and taxes) for shares of SolarWinds common stock sold during the Class Period is the "Total Sales Proceeds."

[5] The Claims Administrator will ascribe a "Holding Value" of $14.18 to each share of SolarWinds common stock purchased/acquired during the Class Period that was still held as of the close of trading on December 17, 2020.

87.  If a Claimant had a Market Gain with respect to his, her, or its overall transactions in SolarWinds common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in SolarWinds common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated pursuant to ¶¶ 78-79 above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

88.  **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

89.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

90.  If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

91.  After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than six (6) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

92.  Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

93.  The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.SolarWindsSecuritiesLitigation.com.

AI21815 v.04

**TABLE A**

**Estimated Artificial Inflation in SolarWinds Common Stock
from October 18, 2018 through December 17, 2020**

| Transaction Date Range | Artificial Inflation Per Share |
|---|---|
| October 18, 2018 through December 13, 2020 | $9.09 |
| December 14, 2020 | $5.26 |
| December 15, 2020 through December 17, 2020 | $3.38 |
| December 18, 2020 or later | $0.00 |

**TABLE B**

**90-Day Look-Back Table for SolarWinds Common Stock
(Average Closing Price: December 18, 2020 – March 17, 2021)**

| Date | Average Closing Price Between 12/18/2020 and Date Shown | Date | Average Closing Price Between 12/18/2020 and Date Shown |
|---|---|---|---|
| 12/18/2020 | $14.18 | 2/3/2021 | $15.60 |
| 12/21/2020 | $15.15 | 2/4/2021 | $15.64 |
| 12/22/2020 | $15.40 | 2/5/2021 | $15.68 |
| 12/23/2020 | $15.55 | 2/8/2021 | $15.72 |
| 12/24/2020 | $15.59 | 2/9/2021 | $15.76 |
| 12/28/2020 | $15.46 | 2/10/2021 | $15.80 |
| 12/29/2020 | $15.40 | 2/11/2021 | $15.83 |
| 12/30/2020 | $15.34 | 2/12/2021 | $15.87 |
| 12/31/2020 | $15.30 | 2/16/2021 | $15.89 |
| 1/4/2021 | $15.22 | 2/17/2021 | $15.90 |
| 1/5/2021 | $15.15 | 2/18/2021 | $15.91 |
| 1/6/2021 | $15.09 | 2/19/2021 | $15.91 |
| 1/7/2021 | $15.06 | 2/22/2021 | $15.91 |
| 1/8/2021 | $15.08 | 2/23/2021 | $15.90 |
| 1/11/2021 | $15.08 | 2/24/2021 | $15.89 |
| 1/12/2021 | $15.07 | 2/25/2021 | $15.89 |
| 1/13/2021 | $15.04 | 2/26/2021 | $15.89 |
| 1/14/2021 | $15.05 | 3/1/2021 | $15.91 |
| 1/15/2021 | $15.10 | 3/2/2021 | $15.92 |
| 1/19/2021 | $15.14 | 3/3/2021 | $15.92 |
| 1/20/2021 | $15.16 | 3/4/2021 | $15.92 |
| 1/21/2021 | $15.20 | 3/5/2021 | $15.92 |
| 1/22/2021 | $15.23 | 3/8/2021 | $15.93 |
| 1/25/2021 | $15.26 | 3/9/2021 | $15.94 |
| 1/26/2021 | $15.33 | 3/10/2021 | $15.95 |
| 1/27/2021 | $15.42 | 3/11/2021 | $15.97 |
| 1/28/2021 | $15.47 | 3/12/2021 | $15.98 |
| 1/29/2021 | $15.51 | 3/15/2021 | $16.01 |
| 2/1/2021 | $15.55 | 3/16/2021 | $16.02 |
| 2/2/2021 | $15.58 | 3/17/2021 | $16.04 |

AI21816 v.04

16

***In re SolarWinds Corporation Securities Litigation***
**Toll-Free Number: (877) 890-0042**
**Email: info@SolarWindsSecuritiesLitigation.com**
**Website: <u>SolarWindsSecuritiesLitigation.com</u>**

# <u>PROOF OF CLAIM AND RELEASE FORM</u>

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at <u>SolarWindsSecuritiesLitigation.com</u>, with supporting documentation, ***postmarked*** **(if mailed) or received no later than July 7, 2023**.

**Mail to:**       ***SolarWinds Securities Litigation***
**c/o Epiq**
**P.O. Box 3217**
**Portland, OR 97208-3217**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

<u>**TABLE OF CONTENTS**</u>                                                                                      <u>**PAGE #**</u>

**PART I – CLAIMANT INFORMATION**.................................................................................... 2

**PART II – GENERAL INSTRUCTIONS**................................................................................... 3

**PART III – SCHEDULE OF TRANSACTIONS IN SOLARWINDS COMMON STOCK**
        **(NYSE: SWI, CUSIP: 83417Q105)**.......................................................................... 5

**PART IV – RELEASE OF CLAIMS AND SIGNATURE** ......................................................... 6

01-CA40061966
AI2191 v.04

**PART I – CLAIMANT INFORMATION**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                MI        Beneficial Owner's Last Name

Co-Beneficial Owner's First Name             MI        Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                   State     ZIP Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (Day)                                 Telephone Number (Evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)

Claimant Account Type (check appropriate box)

☐ Individual            ☐ IRA/401K          ☐ Estate

☐ Joint                 ☐ Pension Plan      ☐ Trust

☐ Corporation           ☐ Other _____ (please specify)

02-CA40061966
AI2192 v.04

**PART II – GENERAL INSTRUCTIONS**

1.  It is important that you completely read the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.  By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. If you are not a Settlement Class Member (see the definition of the Settlement Class on page 5 of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.** Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.  **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.  On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of SolarWinds common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.  **Please note**: Only purchases or acquisitions of SolarWinds common stock from October 18, 2018 through December 17, 2020 are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice. However, under the "90-day look-back period" (described in the Plan of Allocation), sales of SolarWinds common stock during the period from December 18, 2020 through the close of trading on March 17, 2021 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.  You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of SolarWinds common stock set forth in the Schedule of Transactions in Part III. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in SolarWinds common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.

7.  **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.  Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of SolarWinds common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the SolarWinds common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of SolarWinds common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.  **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should

03-CA40061966
AI2193 v.04

be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in SolarWinds common stock made on behalf of a single beneficial owner.

10.  Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)  expressly state the capacity in which they are acting;

(b)  identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the SolarWinds common stock; and

(c)  furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.  By submitting a signed Claim Form, you will be swearing that you:

(a)  own(ed) the SolarWinds common stock you have listed in the Claim Form; or

(b)  are expressly authorized to act on behalf of the owner thereof.

12.  By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.  Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.  **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.  If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq, at the above address, by email at info@SolarWindsSecuritiesLitigation.com, or by toll-free phone at (877) 890-0042, or you can visit the website, SolarWindsSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the settlement website at SolarWindsSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@SolarWindsSecuritiesLitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission. **Do not assume that your file has been received until you receive that email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@SolarWindsSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (877) 890-0042.**

04-CA40061966
AI2194 v.04

## PART III – SCHEDULE OF TRANSACTIONS IN SOLARWINDS COMMON STOCK

The only eligible security is the common stock of SolarWinds Corporation ("SolarWinds") (**Ticker: NYSE: SWI, CUSIP: 83417Q105**). Do not include information regarding securities other than SolarWinds common stock. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6, above.

**1. PURCHASES/ACQUISITIONS FROM OCTOBER 18, 2018 THROUGH DECEMBER 17, 2020** – Separately list each and every purchase or acquisition (including free receipts) of SolarWinds common stock from October 18, 2018 through the close of trading on December 17, 2020, including in SolarWinds' October 18, 2018 Initial Public Offering. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

**2. PURCHASES/ACQUISITIONS FROM DECEMBER 18, 2020 THROUGH MARCH 17, 2021** – State the total number of shares of SolarWinds common stock purchased or acquired (including free receipts) from December 18, 2020 through the close of trading on March 17, 2021. If none, write "zero" or "0."

**3. SALES FROM OCTOBER 18, 2018 THROUGH MARCH 17, 2021** – Separately list each and every sale or disposition (including free deliveries) of SolarWinds common stock from October 18, 2018 through the close of trading on March 17, 2021. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

**4. HOLDINGS AS OF MARCH 17, 2021** – State the total number of shares of SolarWinds common stock held as of the close of trading on March 17, 2021. (Must be documented.) If none, write "zero" or "0."

Confirm Proof of Position Enclosed ☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

05-CA40061966
AI2195 v.04

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and any other person or entity purporting to claim through or on behalf of them directly or indirectly in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting or otherwise pursuing whether directly or in any other capacity, any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the SolarWinds common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of SolarWinds common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.   that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

06-CA40061966
AI2196 v.04

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Date ☐☐ – ☐☐ – ☐☐☐☐
      MM      DD      YYYY

Signature of claimant

Print claimant name here

Date ☐☐ – ☐☐ – ☐☐☐☐
      MM      DD      YYYY

Signature of joint claimant, if any

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Date ☐☐ – ☐☐ – ☐☐☐☐
      MM      DD      YYYY

Signature of person signing on behalf of claimant

Print name of person signing on behalf of claimant here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

07-CA40061966
AI2197 v.04

## REMINDER CHECKLIST

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (877) 890-0042.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@SolarWindsSecuritiesLitigation.com, or by toll-free phone at (877) 890-0042, or you may visit SolarWindsSecuritiesLitigation.com. DO NOT call SolarWinds or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT SOLARWINDSSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN JULY 7, 2023**. IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*In re SolarWinds Corporation Securities Litigation*
c/o Epiq
P.O. Box 3217
Portland, OR 97208-3217

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before **July 7, 2023**, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

08-CA40061966
AI2198 v.04

# Exhibit B

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** *SolarWinds Securities Litigation*

I, Kathleen Komraus, hereby certify that

    (a) I am the Media & Design Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;

    (b) The Notice of which the annexed is a copy was published in the following publications on the following dates:

                *3.21.2023 – Wall Street Journal*
                *3.21.2023 – PR Newswire*

**X** *Kathleen Komraus*
                **(Signature)**

Media & Design Manager
                **(Title)**

THE WALL STREET JOURNAL.

Tuesday, March 21, 2023 | **B5**

## BUSINESS NEWS

# Tensions Rise in Port Labor Talks

BY PAUL BERGER

Tensions in long-running contract talks at West Coast ports are worsening, with employers accusing unionized dockworkers of slowing cargo handling at the ports of Los Angeles and Long Beach, the nation's busiest gateway for imported consumer goods.

The sharp rhetoric marks a shift from a longstanding agreement to maintain public silence on issues around the negotiations, which began last spring. The two sides appear to be no closer to bridging the gap on their disagreements, pointing to the possibility of deeper disruptions to U.S. trade flows.

The Pacific Maritime Association, which represents ocean carriers and port employers, said Monday that dockworkers at the ports of Los Angeles and Long Beach had stopped staggering work shifts during mealtimes starting this past Wednesday.

The PMA said that has forced terminals to shut down every day for an hour at midafternoon and another hour at night, interruptions that have triggered "significant delays" in cargo operations and long backups of trucks at terminal gates.

Willie Adams, the president of the International Longshore and Warehouse Union representing dockworkers, said his members are allowed "to take a lunch break just like everyone else."

Union officials said truck backups can form outside terminals for many reasons and that the PMA was highlighting the recent queues to influence public opinion.

The exchanges between the PMA and the ILWU mark the first time the two sides have launched public barbs since negotiations began in May



The talks stalled last summer and have sputtered as dockworkers and employers struggled to find common ground on a range of issues.

2022 on a multiyear contract covering more than 22,000 dockworkers at 29 ports from California to Washington. West Coast dockworkers have been working without a contract since the last agreement expired in July.

As recently as Feb. 23, the PMA and the ILWU issued a joint statement saying the parties "continue to negotiate and remain hopeful of reaching a deal soon." Talks were scheduled to resume Tuesday, according to the PMA.

Previous contract negotiations over the past two decades have been contentious and marked by freight delays that cost individual retailers millions of dollars in increased expenses and lost sales as

dockworkers slowed operations and employers locked out workers.

Shipping-industry executives and Biden administration officials had hoped the current talks would go more smoothly, given that they came so soon after cargo bottlenecks at West Coast ports during the Covid-19 pandemic underlined the critical role the gateways play in the U.S. economy. Some administration and industry officials had hoped a deal would be reached by early fall.

The talks stalled last summer and have sputtered since then as dockworkers and employers struggled to find common ground on a range of issues that include the

assignment of jobs and the use of automated handling equipment on the docks.

Although there have been some sporadic disruptions in California and Washington since the talks began, last week's slowdowns at Los Angeles and Long Beach mark the first time actions have affected so many cargo-handling operations at once.

Many importers last summer started diverting cargoes to East and Gulf Coast ports in anticipation of potential labor disruptions, and a decline in cargo volumes at Los Angeles and Long Beach, the main gateways for U.S. trade with Asia, has accelerated this year. Combined container imports at the neighboring ports

dropped 38% last month from a year earlier, to their lowest level since March 2020.

Port of Los Angeles Executive Director Gene Seroka blamed the drop on factors including a reduction in global trade and on cargo being diverted because of the labor negotiations. "Cargo owners have made it clear that they want the certainty of a signed deal," Mr. Seroka said Friday.

The PMA said the previous contract gave employers the right to assign staggered shifts during mealtimes. The employer group said that because the contract expired, there is no mechanism to arbitrate the dispute and to require dockworkers to maintain uninterrupted operations.

# Gerber Formula Recalled Over Bacteria

BY COLIN KELLAHER

**Perrigo Co.** is recalling several batches of Gerber brand baby formula because of the possible presence of a common bacteria.

The Dublin-based company said the recall involves certain lots of Gerber Good Start SoothePro powdered formula that were made in January at its plant in Eau Claire, Wis.

Perrigo said it is recalling the formula out of an abundance of caution because of the potential presence of the Cronobacter sakazakii, a bacteria commonly found in the environment that causes no symptoms in most people but can lead to poor feeding, excessive crying or low energy in premature infants, infants under 2 months of age or infants with weakened immune systems.

Perrigo said no distributed product has tested positive for the presence of the bacteria and that no adverse events have been reported.

The company said the recall doesn't affect any other products made at the Eau Claire plant, which it acquired last year from Nestlé SA, or any other of its other facilities.

The Perrigo recall comes on the heels of last year's baby formula shortage sparked by supply-chain problems and the shutdown of an Abbott Laboratories plant as a result of bacterial contamination.

---

# Bed Bath Stock Falls 21%, Complicating Fundraising

BY ALEXANDER GLADSTONE

**Bed Bath & Beyond Inc.'s** shares fell 21% Monday after the retailer disclosed substantial dilution from a recent equity deal, potentially preventing it from raising more money from a crucial investor, hedge fund **Hudson Bay Capital Management LP.**

The home-goods retailer's stock closed at 81 cents Monday, after it said Friday that the number of its common shares had nearly tripled to at least 335 million as of March 15 from 117 million as of late January.

The number of shares outstanding ballooned because investors including Hudson Bay have been converting their preferred shares into new common shares in recent weeks as the result of the complex equity deal the company struck last month. Those investors put in an initial $225 million and agreed to fund an additional $800 million over 10 months provided that certain conditions are met, including Bed Bath & Beyond maintaining a certain volume-weighted-average price threshold for its stock.

The company raised an addi-



The retailer avoided bankruptcy after striking the Hudson Bay deal.

tional $135 million through the deal as of March 7, bringing the total amount raised to at least $360 million.

Last week, Bed Bath & Beyond reached an amendment with Hudson to temporarily lower the stock-price threshold to $1 until April 3, from an original threshold of at least $1.25.

The company said that the amendment would "facilitate further funding of up to $100 million in April 2023."

However, with the stock dropping to less than $1 on

Monday, Bed Bath & Beyond could potentially violate the price threshold. If that happens, Hudson Bay and other investors won't have to exercise warrants to purchase more preferred shares, hedge-fund analysts said. The retailer narrowly avoided bankruptcy after striking the deal with Hudson Bay, and has been using the proceeds from the transaction to buy inventory.

Bed Bath & Beyond and Hudson Bay didn't respond to requests to comment.

---

# Growth Investor JMI Equity Collects $2.4 Billion for Fund

BY TED BUNKER

Growth investor **JMI Equity** overcame a difficult fundraising market to wrap up its 11th main fund with commitments of $2.4 billion, completing a fundraising drive during a period when many smaller firms struggled to reach their capital goals.

The Baltimore firm said it had a $2 billion target for the new vehicle, JMI Equity Fund XI, when it first registered the fund with the Securities and Exchange Commission in February 2022.

A JMI Equity spokesman said the firm wouldn't comment about the fundraising effort.

Last year saw a rapid deflation of the market in which private-equity firms raise funds, data provider Preqin Ltd. has said. The London researcher has said that combined funds

raised for private equity and venture capital fell 15% last year to $785.19 billion compared with 2021. Analysts also have said that conditions last year made it far tougher for firms looking to raise smaller funds compared with those seeking $10 billion or more.

Backers of Fund XI include the State of Wisconsin Investment Board, which pledged $75 million during the first quarter of last year, and the Massachusetts Pension Reserves Investment Management Board, which committed up to $100 million in late 2021, according to public disclosures by both pension managers.

JMI Equity, whose managing general partners work from Baltimore and La Jolla, Calif., began the new fundraising drive about a year after closing JMI Equity Fund X LP with commitments of about $1.7 bil-

lion. The new fund is about 41% bigger than its predecessor.

The investment strategy pursued by JMI Equity focuses on software and technology-enabled services and can include majority and minority stakes in target businesses, mainly in North America, according to a regulatory filing. JMI typically writes initial checks of $25 million to $250 million per investment, according to a news release. Overall, the firm managed about $7.5 billion at the end of 2021, the regulatory filing shows.

JMI Equity said it is backing three businesses through the new pool so far, including software maker **Businessolver Inc.**, which specializes in company benefits management; property marketing technology specialist **Visiting Media LLC**; and project-management application maker **Unanet Inc.**

---

ADVERTISEMENT

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

### CLASS ACTION

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION

Case No. 1:21-cv-00138-RP

CLASS ACTION

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** all persons who purchased or otherwise acquired SolarWinds Corporation ("SolarWinds") common stock during the period from October 18, 2018 through December 17, 2020, inclusive (the "Class Period"), and who were damaged thereby (the "Settlement Class")[1]:

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Texas (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action, on behalf of itself and the Settlement Class, has reached a proposed settlement of the Action for $26,000,000 in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

A hearing will be held on July 28, 2023 at 2:00 p.m., before the Honorable Robert Pitman at the United States District Court for the Western District of Texas, Austin Division, Courtroom 4 of the United States Courthouse, 501 West Fifth Street, Austin, Texas 78701, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated November 28, 2022 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at: SolarWinds Securities Litigation, c/o Epiq, P.O. Box 3217, Portland, OR 97208-3217, 1-877-890-0042, info@SolarWindsSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.SolarWindsSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form (postmarked (or submitted online) no later than July 7, 2023. If you are a Settlement

Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received no later than July 7, 2023, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and SolarWinds' Counsel such that they are received no later than July 7, 2023, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

SolarWinds Securities Litigation
c/o Epiq
P.O. Box 3217
Portland, OR 97208-3217
1-877-890-0042
info@SolarWindsSecuritiesLitigation.com
www.SolarWindsSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John Rizio-Hamilton, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

By Order of the Court

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.SolarWindsSecuritiesLitigation.com.

---

THE WALL STREET JOURNAL

**THE MARKETPLACE**

ADVERTISE TODAY

**(800) 366-3975**

For more information visit:

**wsj.com/classifieds**

© 2023 Dow Jones & Company, Inc.
All Rights Reserved.

---

**CAREERS**

**M&A BUSINESS BROKERS**
Buying and Selling Businesses

**6 Figure Commissions**

As an Independent Contractor

Our 38th Year

Gottesman Company

Work From Home / Outside Sales

Support Services & Training

Send Letter & Resume to:

brokers@gottesman-company.com

---

**PUBLIC NOTICES**

IN THE MATTER OF
THE COMPANIES ACT, 1981
and
IN THE MATTER OF
WYNDHAM INSURANCE COMPANY (SAC) LTD.:
FIRPO AND FIRPO
(In Receivership)

NOTICE IS HEREBY GIVEN that the Creditors of the above named Company are required on or before 7 April 2023 to submit their names and addresses and particulars of their debts or claims to the undersigned, the Joint Receivers of the said Company, at Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton, HM 12, Bermuda, and if so required by Notice in writing from the said Receiver, to come in and prove their said debts or claims at such time and place as shall be specified in such Notice, or in default of any of the above requirements, they will be excluded from the benefit of any distribution made before such debts are proved.

Dated: 20 March 2023

Rachelle Frisby
Joint Receiver

# Bernstein Litowitz Berger & Grossmann LLP Announces Proposed Settlement of Class Action Involving Purchasers of SolarWinds Corporation Common Stock

NEWS PROVIDED BY
**Bernstein Litowitz Berger & Grossmann LLP** →
Mar 21, 2023, 08:00 ET

AUSTIN, Texas, March 21, 2023 /PRNewswire/ --

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | Case No. 1:21-cv-00138-RP<br><br>CLASS ACTION |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION**

**AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND**

**(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** all persons who purchased or otherwise acquired SolarWinds Corporation ("SolarWinds") common stock during the period from October 18, 2018 through December 17, 2020, inclusive (the "Class Period"), and who were damaged thereby (the "Settlement Class")[1]:

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Texas (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action, on behalf of itself and the Settlement Class, has reached a proposed settlement of the Action for $26,000,000 in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

A hearing will be held on **July 28, 2023 at 2:00 p.m.**, before the Honorable Robert Pitman at the United States District Court for the Western District of Texas, Austin Division, Courtroom 4 of the United States Courthouse, 501 West Fifth Street, Austin, Texas 78701, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated November 28, 2022 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at: *SolarWinds Securities Litigation*, c/o Epiq, P.O. Box 3217, Portland, OR 97208-3217, 1-877-890-0042, info@SolarWindsSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.SolarWindsSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **(or submitted online) no later than July 7, 2023**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than July 7, 2023**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and SolarWinds' Counsel such that they are **received no later than July 7, 2023**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*SolarWinds Securities Litigation*

c/o Epiq

P.O. Box 3217

Portland, OR 97208-3217

1-877-890-0042

info@SolarWindsSecuritiesLitigation.com

www.SolarWindsSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John Rizio-Hamilton, Esq.

Bernstein Litowitz Berger & Grossmann LLP

1251 Avenue of the Americas, 44th Floor

New York, NY 10020

1-800-380-8496

settlements@blbglaw.com

By Order of the Court

_____

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at

URL// www.SolarWindsSecuritiesLitigation.com

SOURCE Bernstein Litowitz Berger & Grossmann LLP