**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| IN RE SOLARWINDS CORPORATION SECURITIES LITIGATION | Case No. 1:21-cv-00138-RP<br><br>CLASS ACTION |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
(I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S
MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................... ii

I.    THE SETTLEMENT CLASS'S POSITIVE REACTION SUPPORTS
      APPROVAL OF THE MOTIONS ...................................................................................... 1

      A.    The Robust Court-Approved Notice Program .......................................................... 1

      B.    The Settlement Class's Reaction Supports Approval of the Settlement and
            the Plan of Allocation ............................................................................................. 3

      C.    The Settlement Class's Reaction Supports Approval of the Fee and
            Expense Request ..................................................................................................... 4

II.   CONCLUSION ................................................................................................................ 5

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bethea v. Sprint Commc'ns Co.*,
   2013 WL 228094 (S.D. Miss. Jan. 18, 2013) ................................................................................4

*Blackmon v. Zachary Holdings, Inc.*,
   2022 WL 3142362 (W.D. Tex. Aug. 5, 2022) .........................................................................3, 4

*Buettgen v. Harless*,
   2013 WL 12303194 (N.D. Tex. Nov. 13, 2013) ........................................................................4

*Erica P. John Fund, Inc. v. Halliburton Co.*,
   2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) ......................................................................3, 4

*Grigson v. Farmers Grp., Inc.*,
   2020 WL 13598801 (W.D. Tex. May 22, 2020) .......................................................................4

*Marcus v. J.C. Penney Co., Inc.*,
   2017 WL 6590976 (E.D. Tex. Dec. 18, 2017*), report and recommendation*
   *adopted*, 2018 WL 307024 (E.D. Tex. Jan 4, 2018) .................................................................3

*Quintanilla v. A & R Demolition Inc.*,
   2008 WL 9410399 (S.D. Tex. May 7, 2008) ...........................................................................3

*Schwartz v. TXU Corp.*,
   2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) ......................................................................3, 4

*Spegele v. USAA Life Ins. Co.*,
   2021 WL 4935978 (W.D. Tex. Aug. 26, 2021) ........................................................................3

*In re Veeco Instruments Inc. Sec. Litig.*,
   2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ...........................................................................5

*In re Veeco Instruments Inc. Sec. Litig.*,
   2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ...........................................................................4

STATUTES

Class Action Fairness Act of 2005,
   28 U.S.C. § 1715(b) ..................................................................................................................2

Lead Plaintiff New York City District Council of Carpenters Pension Fund, on behalf of itself and the Settlement Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation (ECF No. 104), and (ii) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 105) (the "Motions").[1]

## I. THE SETTLEMENT CLASS'S POSITIVE REACTION SUPPORTS APPROVAL OF THE MOTIONS

In their opening papers, Lead Plaintiff and Lead Counsel demonstrated why the proposed $26 million Settlement satisfies the criteria for final approval of a class action settlement and the request for attorneys' fees and Litigation Expenses is fair and reasonable.  Since then, the Claims Administrator has completed an extensive notice program undertaken in accordance with the Court's Preliminary Approval Order.  In response to this notice program, no Settlement Class Members have objected to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses.  Additionally, no Settlement Class Members have requested exclusion from the Settlement Class.

As discussed further below, this uniformly positive reaction by the Settlement Class represents a significant endorsement of all aspects of the Motions.

### A. The Robust Court-Approved Notice Program

Pursuant to the Court's Preliminary Approval Order, the Court-authorized Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), conducted an extensive notice program, which included mailing the Notice and Claim Form to 25,054 potential Settlement Class Members and their nominees, publishing a summary notice in *The Wall Street Journal* and

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated November 28, 2022 (ECF No. 97-1)

over *PR Newswire*, and posting relevant information and documents on a dedicated settlement website, www.SolarWindsSecuritiesLitigation.com.  *See* Supplemental Declaration of Alexander P. Villanova, attached as Ex. 1 ("Suppl. Villanova Decl."); Declaration of Alexander P. Villanova (ECF No. 106-4) ("Initial Villanova Decl.").

The Notice to the Settlement Class Members informed them of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $500,000.  *See* Notice (Initial Villanova Decl. Ex. A), at ¶¶ 5, 54.  The Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses; their right to exclude themselves from the Settlement Class; and the July 7, 2023 deadline for objections and requests for exclusion.  *See id*. at p. 2, ¶¶ 55, 62-63.

On June 23, 2023, 14 days prior to the objection and exclusion deadline, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request.  These papers are available on the public docket (ECF Nos. 104-106) and were promptly posted to the case website, *see* Suppl. Villanova Decl. ¶ 5, as well as Lead Counsel's website, blbglaw.com.  In addition, notice of the Settlement was also provided by Defendants to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).  *See* ECF No. 98.

Following the extensive notice program, not a single Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses.  And no Settlement Class Member has submitted a request for exclusion from the Settlement Class.  *See* Suppl. Villanova Decl. ¶ 6.

**B.      The Settlement Class's Reaction Supports Approval of the Settlement and the Plan of Allocation**

As set forth in Lead Plaintiff's opening motion, the Settlement was achieved after two years of hard-fought litigation, which included extensive motion practice and discovery.  The Settlement is an excellent result for the Settlement Class, providing an immediate and meaningful recovery without the risks and delay of protracted litigation.

The absence of any objections or requests for exclusion further supports a finding that the Settlement is fair, reasonable, and adequate.  *See, e.g.*, *Blackmon v. Zachary Holdings, Inc.*, 2022 WL 3142362, at \*4 (W.D. Tex. Aug. 5, 2022) ("the lack of any objections from members of the Settlement Class . . . further support[s] final approval"), *Spegele v. USAA Life Ins. Co.*, 2021 WL 4935978, at \*9 (W.D. Tex. Aug. 26, 2021) ("[T]he very small number of class members who have excluded themselves (26) from the Settlement or objected thereto (4), indicates the Settlement is well-received by absent class members, which supports approval of the Settlement."); *Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, at \*5 (N.D. Tex. Apr. 25, 2018) ("Receipt of few or no objections can be viewed as indicative of the adequacy of the settlement."); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at \*22-23 (N.D. Tex. Nov. 8, 2005) (finding, where there were eight objections, that "the overwhelming response of absent Class Members overall . . . strongly supports approval of the settlement"); *Quintanilla v. A & R Demolition Inc.*, 2008 WL 9410399, at \*5 (S.D. Tex. May 7, 2008) ("Here, there were no objections to the settlement.  None of the class members elected to opt out of the settlement.  This indicates that the class is overwhelmingly in favor of settlement.").

 Likewise, the uniformly positive reaction of the Settlement Class supports approval of the Plan of Allocation, which was set forth in the Notice.  *See, e.g., Marcus v. J.C. Penney Co., Inc.*, 2017 WL 6590976, at \*5 (E.D. Tex. Dec. 18, 2017) (recommending that the plan of allocation be

approved where "[n]o objections have been filed by any class members"), *report and recommendation adopted*, 2018 WL 307024 (E.D. Tex. Jan. 4, 2018); *Schwartz*, 2005 WL 3148350, at *24 (finding plan of allocation fair and reasonable where, "[m]ost importantly, there has only been one objection to the Plan of Allocation"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

**C.     The Settlement Class's Reaction Supports Approval of the Fee and Expense Request**

As set forth in their opening papers, Lead Counsel requests attorneys' fees of 25% of the Settlement Fund.   The requested fee is consistent with the percentage routinely awarded in comparable cases prosecuted on a contingency-fee basis and is supported by the significant time and effort expended by Plaintiffs' Counsel in this matter.  *See Buettgen v. Harless*, 2013 WL 12303194, at *1 (N.D. Tex. Nov. 13, 2013) ("[c]ourts throughout this Circuit regularly award fees of 25% and more often 30% or more of the total recovery under the percentage-of-the recovery method").

The absence of any objections to the requested attorneys' fees and Litigation Expenses further supports a finding that the request is fair and reasonable.  *See, e.g., Blackmon*, 2022 WL 3142362, at *5 (approving requested fee and noting that "importantly, there have been no objections to the requested fee award from class members"); *Grigson v. Farmers Grp., Inc.*, 2020 WL 13598801, at *5 (W.D. Tex. May 22, 2020) (finding that the "lack of substantial objections further supports that the fee requested is reasonable" where one objection to attorneys' fees was filed); *Halliburton*, 2018 WL 1942227, at *12 ("lack of objections" was "relevant in considering the reasonableness and fairness of the [fee] award"); *Bethea v. Sprint Commc'ns Co.*, 2013 WL

4

228094, at *5 (S.D. Miss. Jan. 18, 2013) ("The absence of objection by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *In re Veeco Instruments Inc. Sec. Litig*., 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objections "suggests that the fee request is fair and reasonable").

## II.    CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the motion for attorneys' fees and Litigation Expenses.  Copies of the (i) proposed Judgment Approving Class Action Settlement, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 2, 3, and 4.

DATED:  July 21, 2023                                      Respectfully submitted,

*/s/ Jonathan D. Uslaner*

**BERNSTEIN LITOWITZ BERGER &
     GROSSMANN LLP**
John J. Rizio-Hamilton (*pro hac vice*)
Jonathan D. Uslaner (*pro hac vice*)
Benjamin W. Horowitz (*pro hac vice*)
Thomas Z. Sperber (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 554-1400
JohnR@blbglaw.com
JonathanU@blbglaw.com
Will.Horowitz@blbglaw.com
Thomas.Sperber@blbglaw.com

*Counsel for Lead Plaintiff and Lead Counsel
for the Settlement Class*

5

**MARTIN & DROUGHT, P.C.**
Gerald T. Drought
State Bar No. 06134800
Federal Bar No. 8942
Frank B. Burney
State Bar No. 03438100
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, Texas 78205
Telephone: (210) 227-7591
Facsimile: (210) 227-7924
gdrought@mdtlaw.com
fburney@mdtlaw.com

*Liaison Counsel for Lead Plaintiff*

#3317503

6

## CERTIFICATE OF SERVICE

I certify that on July 21, 2023 a true and correct copy of the foregoing document and its exhibits was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

By: */s/ Jonathan D. Uslaner*
Jonathan D. Uslaner